THOMAS B. TAYLOR v. PHILIP LANDER, *as Assignee, et al.*

**No. 11,516.** (60 Pac. 320.)

1. CREDITOR'S BILL — *Limitation of Action.* An action in the nature of a creditor's bill to set aside a fraudulent conveyance of land and to subject the same to the payment of a judgment must be brought within two years after the plaintiff is in position, by reason of his judgment, to maintain the suit.

2. ———— *Remedy of Attachment Creditor.* An equitable suit to set aside a conveyance of land transferred after it had been attached cannot be maintained where the creditor obtained judgment in the attachment action and an order for the sale of the real estate so seized. In such case the judgment creditor has an adequate remedy at law by a sale of the property upon execution.

Error from Harvey district court; F. L. MARTIN, judge. Opinion filed March 10, 1900. Affirmed.

### STATEMENT.

IN this action the plaintiff below, plaintiff in error here, alleged in his amended petition, filed July 29,

1895, that on the 16th day of March, 1893, he commenced an action in the district court of Harvey county against the Arkansas Valley Land & Loan Company, a corporation organized prior to April, 1890, and in said action caused 160 acres of land in said county to be attached as the property of said loan company; that afterward, on the 5th day of June, 1893, he obtained a judgment against said loan company in his favor in the action for the sum of $1893, with interest from that date at seven per cent. per annum and costs, and an order of court to sell the attached real estate to pay said indebtedness, and that the amount of his claim and judgment exceeds $3000; that the Arkansas Valley Land & Loan Company is, and has been since 1890, insolvent, and there are no assets belonging to it or to any of its stockholders out of which said indebtedness can be collected, except the real estate above described; that in November, 1890, the Kansas Savings Bank failed in business and made an assignment to the defendant Philip Lander for the benefit of its creditors, and as such assignee he claims to be the owner of the estate above described; that said land cannot be sold to satisfy said judgment while the legal title remains in the defendant assignee, and plaintiff has caused an execution to be issued and levied on other real estate, to wit, lot 6, in block 28, in the city of Newton; that in April, 1890, the officers and directors of the Arkansas Valley Land & Loan Company, the latter being wholly insolvent, in fraud of plaintiff's rights, pretended to turn over to the Kansas Savings Bank all the assets of said loan company, without the knowledge or consent of its directors, and left unsettled and unprovided for the debenture bonds upon which the plaintiff obtained his judgment.  The prayer for relief asked that the real

estate be ordered to be sold as the property of the Arkansas Valley Land & Loan Company to satisfy said judgment, and for general relief.

The Kansas Savings Bank, and Philip Lander as assignee, filed an answer admitting the incorporation of the Arkansas Valley Land & Loan Company and the appointment of Philip Lander as assignee of the savings bank. It was alleged therein that in April, 1890, the loan company was the owner of the real estate described in plaintiff's petition; that about that time the Kansas Savings Bank was organized, and that the latter took over the property from the loan company, which ceased to do business, and set over and delivered to the Kansas Savings Bank all its assets, both real, personal, and mixed, including the real estate described in plaintiff's petition; that the affairs of the loan company were merged into the Kansas Savings Bank, and that it continued to pay the debts of the loan company, or to issue its obligations therefor, and paid interest on the debenture bonds held by the plaintiff, Thomas B. Taylor, which he accepted with the full knowledge that the Arkansas Valley Land & Loan Company had been merged into the savings bank. The answer further alleged that on the 22d day of March, 1893, the Arkansas Valley Land & Loan Company, having theretofore sold, transferred and delivered its property, both real and personal, to the Kansas Savings Bank, did, for the purpose of evidencing said transfer, make, execute and deliver its certain warranty deed of that date to the savings bank for the 160 acres of land above mentioned; that the judgment of the plaintiff, Thomas B. Taylor, against the loan company was void, in that no service of summons was had, and that the pretended confession of judgment in favor of Taylor, made by its

officers, was so made at Chicago, in the state of Illinois.  The answer also pleaded the two-year statute of limitations.

The plaintiff below, to sustain the allegations of the petition, offered in evidence the writ of attachment issued March 16, 1893, together with the return of the sheriff thereon, showing the seizure of the land in question as the property of the Arkansas Valley Land & Loan Company, together with the undertaking and affidavit, also the summons in the cause and the power of attorney of the land and loan company to C. E. Branine, authorizing him to confess judgment for the corporation in favor of the plaintiff, Taylor, together with the judgment containing an order of sale of the attached real estate, rendered June 7, 1893.  Testimony was also introduced showing that several stockholders and directors of the savings bank had no knowledge that the assets of the loan company were transferred to the bank.  There was no proof of the issuance of an execution.

At the close of the testimony, a demurrer was sustained to the evidence, and judgment was rendered in favor of the bank and its assignee against the plaintiff for costs.

*A. L. Greene,* for plaintiff in error.

*Peters & Nicholson,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.: This suit was brought, so far as the record discloses, on July 29, 1895, being an action in the nature of a creditor's bill to enforce the lien of a judgment rendered June 5, 1893, against the Arkansas Valley Land & Loan Company, under which certain land was attached March 16, 1893.  It was alleged in

the petition that, in 1890, the Arkansas Valley Land & Loan Company attempted to transfer its property, including the land in controversy, to the Kansas Savings Bank, and made a pretended transfer of the same, which was fraudulent. There was some evidence introduced by the plaintiff below in support of this allegation of the petition.

If the Kansas Savings Bank, whose assignee was defendant below, took title in 1890, this creditor's suit to obtain relief on the ground of fraud, having been brought in 1895, was barred by the statute of limitations. It will be noticed that a formal deed was made by the Arkansas Valley Land & Loan Company to the Kansas Savings Bank March 22, 1893, six days after the land was attached by Taylor ; and judgment being rendered in the action, it was of course subject to the attachment and judgment lien. The land was ordered sold to satisfy the lien of the attachment, and the plaintiff below might have issued an execution, sold the property, and applied the proceeds to the payment of his judgment. This was an adequate remedy at law. He needed no aid from a court of equity to set aside a conveyance made after his attachment lien had been fixed upon the land, which attachment was sustained and the property ordered sold to satisfy the debt.

If the bank took title to the real estate in 1890 by succeeding to all the rights and assets of the Arkansas Valley Land & Loan Company, then the suit of plaintiff below was clearly barred by limitation, having been commenced in 1895, more than two years after he was in a position, as a judgment creditor, to maintain a creditor's suit. If the bank took title by the deed of the 22d of March, 1893, after the land was attached by Taylor, then the latter, on obtaining judg-

ment, had a right to sell the same on execution; and thus, having an adequate remedy at law, he cannot maintain this equitable action. (*Stanton v. Catron*, 45 Pac. [ N. M.] 884.)

The judgment of the court below will be affirmed.