THE CITY OF KANSAS CITY v. G. FROHWERK.

No. 614.*    ( 62 Pac. 432.)

1. CITIES — *Street Improvements — Negligence — Continuing Damage.* Where a city so grades, paves, curbs and gutters its streets as to collect the surface-water from a large area and discharge it upon the property of one of its property holders, through a failure to provide suitable outlets for said water, the city has a legal right and it is its legal duty to terminate the cause of injury, and the damage thereby caused is a continuing damage.

2. ——— *Evidence—Proof of Damages.* It is error to allow a plaintiff in such cases to prove his damages by evidence as to what the property cost him and as to its value some time before the injury, the rent he received before and after, and its value after the injury happened.

* Petition for order to certify denied by supreme court December 3, 1900.—REP.

Error from Wyandotte court of common pleas; W. G. HOLT, judge. Opinion filed October 6, 1900. Reversed.

*T. A. Pollock*, city counselor, and *F. D. Hutchings*, city attorney, for plaintiff in error.

*Angevine & Cubbison*, for defendant in error.

The opinion of the court was delivered by

WELLS, J.: On the 14th day of October, 1891, G. Frohwerk began this action, seeking to recover from the city of Kansas City, Kan., $3000 damages, alleged to have been sustained by him in consequence of the grading, paving, curbing and guttering of the street adjacent to his property in such a manner as to change the natural flow of the surface-water in the vicinity and turn the same from the street upon his premises. An amended petition was filed, upon which a trial was had, resulting in a verdict and judgment for the city. Afterward, on June 20, 1892, Frohwerk filed a motion for a new trial, which was sustained on January 18, 1896. On February 20, 1896, the city filed a motion to set aside said order granting a new trial, which motion was by the court overruled, and exception saved, and that matter was brought to this court as case No. 794, in which case the order granting a new trial is affirmed in a separate opinion. (*Ante*, p. 116; 62 Pac. 252.) Another trial was had, another verdict found for the city, and another trial granted. At the September term, 1897, another trial was had, a verdict found by the jury, and judgment rendered in favor of the defendant in error for $1900, to reverse which the case is brought to this court as No. 614. By stipulation of parties, the two cases were argued together.

There are twenty-one assignments of error in plaintiff in error's brief. The first, second, third and fourth assignments of error are with reference to matters of practice that rested in the sound discretion of the trial court and we are unable to say that it abused its discretion.

There are but two questions that we think it necessary to examine in the consideration of this case :

1. In the application of the statute of limitations, when did the plaintiff's right of action accrue ?

2. Was there reversible error committed in the admission of evidence?

We will consider the second question first. The plaintiff, over the objection and exception of the defendant, introduced evidence as to the cost of the property and the rent he received for it before and after the damages, and that in the fall of 1889 and spring of 1890 it was worth between $8000 and $9000, and in 1891 it was worth about $1800. This is not the way to prove damages, and we cannot say that the jury were not prejudiced thereby.

In regard to the question as to when the plaintiff's action first accrued : It was held in *Parker v. City of Atchison*, 58 Kan. 29, 48 Pac. 631, ''Where a permanent improvement is made by a city on the bank of a watercourse in such a way as to narrow the channel and wash and injure private property on the opposite bank, the city is liable for the injury ; but an action therefor can only be brought within two years after the erection of such improvement.'' The plaintiff in error contends that, under this authority, the cause of action accrued immediately upon the completion of the improvement, but if it did not accrue at that time it did accrue at the time the plaintiff was first damaged. If either of these contentions is correct

the plaintiff in error is entitled to a reversal. Is the opinion in *Parker v. City of Atchison*, supra, conclusive as to the time when plaintiff's cause of action accrued herein? The case of *King v. City of Kansas City*, 58 Kan. 334, 49 Pac. 88, appears to be more nearly like the case at bar than the Parker case. That was an action brought by King to recover damages alleged to have been sustained by reason of the construction of a sewer in 1889 in a careless and negligent manner, whereby the plaintiff's premises were flooded with water and damaged in May, 1892, the alleged negligence being in not constructing flood-gates to the sewers to prevent water from flowing from the river, when high, out upon said premises. Upon the statement of the case by the plaintiff, the court rendered judgment upon the petition and statement for the defendant, and this was reversed by the supreme court, the same judge writing the opinion as in the Parker case. Had the rule in the Parker case been held to apply, the judgment of the trial court would have been affirmed, as more than two years had elapsed after the completion of the improvement before the damage complained of happened. We think the distinguishing principle in these cases is suggested in the brief of the defendant in error, that in order to charge one as a continuing wrongdoer he must have a legal right and be under a legal duty to terminate the cause of injury. In the Parker case the city had no right to return the waters of the north fork to their original bed; in the King case the city could at any time have put in a flood-gate and stopped further damage. So, in the case at bar, the city could at any time have provided a sufficient outlet for the water to keep it from doing further damage to the plaintiff's property, and he had the right to waive the

first damage resulting, in the hope that the city would do its duty and save him from further harm.

For the admission of improper evidence as to the amount of plaintiff's damage, the judgment is reversed and a new trial directed.