No. 19,794.

RENA BUCK YOUNG, *Appellant*, v. L. D. BUCK et al. (ELIZABETH BUCK et al., *Appellees*).

### OPINION DENYING A REHEARING.

#### SYLLABUS BY THE COURT.

1. FRAUDULENT CONVEYANCE—*Creditor's Bill—Limitation of Actions.* Although during the pendency of an action for the recovery of money the defendant makes a conveyance of real estate, which is at once recorded, the circumstances being such as to charge the plaintiff immediately with notice of its execution and of its fraudulent character, the statute of limitation (requiring actions for relief on the ground of fraud to be brought within two years from the discovery of the fraud) does not begin to run against an action to subject the land conveyed to the payment of the plaintiff's claim until judgment has been rendered in the original action, provided it is prosecuted with reasonable diligence.

2. SAME—*Attachment—Choice of Remedies.* The fact that plaintiff has not resorted to attachment does not affect his rights with respect to subjecting to the payment of his judgment land fraudulently conveyed by his debtor.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion denying a rehearing filed February 12, 1916. (For original opinion of reversal see *ante*, p. 39, 154 Pac. 213.)

*F. J. Oyler*, of Iola, for the appellant.
*Baxter D. McClain*, of Iola, for the appellees.

The opinion of the court was delivered by

MASON, J.: (1) In the original opinion in this case it was said that an action in the nature of a creditor's bill can not be brought until the claim on which it is based is reduced to judgment, but that suit on the original demand—that is, the effort to put it in judgment—must be begun within a reasonable time after the discovery of the fraud, not exceeding two years. It was assumed, without further discussion, that the period of limitation (with respect to actions for relief on the ground of fraud) did not run during the pendency of an action the purpose of which was to procure the necessary judgment. A text was cited which declares upon the

authority of many cases, including some from Kansas, that a plaintiff can not *indefinitely* suspend the running of the statute by delaying to take a step necessary to the completion of his right of action. The implication that the operation of the statute might be suspended for a limited time was regarded as too clear to require statement. In a petition for a rehearing the defendant urges that this court had never previously decided that the delay occasioned by the necessity of reducing the plaintiff's demand to judgment could authorize an action to set aside a deed on the ground of fraud to be brought more than two years after its discovery, and that such decision in effect nullifies the statute creating that limitation (Civ. Code, § 17, subdiv. 3). It is true that in this state no express decision had previously been made on the exact point referred to, but the rule applied was deemed to follow from what had been said on the general subject. In holding that where one action can not be begun until judgment has been obtained in another the statute of limitations does not run during the pendency of the first action if it is brought and prosecuted with due diligence, we but follow the established practice in other jurisdictions, as well as the intimations of prior decisions of this court. (12 Cyc. 43; 25 Cyc. 1200; *Montgomery Iron Works et als. v. Capital City Insurance Co.*, 137 Ala. 134, 34 South. 210; *Finch v. Kent*, 24 Mont. 268, 61 Pac. 653; *Ainsworth v. Roubal*, 74 Neb. 723, 105 N. W. 248; *Blackwell et al. v. Hatch*, 13 Okla. 169, 73 Pac. 933; *Williams v. Commercial Nat. Bank*, 49 Ore. 492, 90 Pac. 1012; *Watt v. Morrow et al.*, 19 S. Dak. 317, 103 N. W. 45. See, also, *Taylor v. Lander*, 61 Kan. 588, 60 Pac. 320.)

In *Railway Co. v. Grain Co.*, 68 Kan. 585, 75 Pac. 1051, it was said that the enumeration by the legislature of specific exceptions to a statute of limitations by implication excludes all others. Such is the general rule, as shown by the note to the case cited in 1 Ann. Cas. 643. What was there decided, however, was that the fraudulent concealment of facts giving rise to a cause of action on contract does not suspend the operation of the statute, a matter of disagreement in other jurisdictions. (25 Cyc. 1214.) The general language of the opinion has been said not to admit of universal application.

(*Coal Co. v. Miller,* 88 Kan. 763, 129 Pac. 1170.) But the question here presented does not involve any implied exception to the statute of limitations. It is often said that a cause of action for relief on the ground of fraud accrues when the fraud is discovered, or when in the exercise of reasonable diligence it should have been discovered. Such a statement is substantially, but not absolutely, accurate. It is sufficiently exact to answer the purpose of the cases in which it has been employed. The statute, however, does not say that an action for relief on the ground of fraud is barred in two years from the time the fraud is discovered. It says that it is barred in two years from the time it shall have accrued. (Civ. Code, § 17, subdiv. 3.) It does not say that all actions for relief on the ground of fraud shall be deemed to accrue upon the discovery of the fraud, but that no such action shall be deemed to accrue until the fraud is discovered. Its exact language is: "the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud." Under these provisions the action accrues when the fraud is discovered, provided it is already complete in every other respect. But an action by a creditor to set aside a fraudulent conveyance of his debtor does not accrue in any event until his claim is reduced to a judgment. (*Bank v. Chatten,* 59 Kan. 303, 52 Pac. 893; 12 Cyc. 9.) If when the judgment is obtained the fraud has been discovered, actually or constructively, his cause of action then accrues. If not, it accrues at such later time as the fraud is discovered. It can not accrue until he has a right to bring his action (25 Cyc. 1065-1067), and until that time the statute of limitations can not begin to run.

(2) The argument is also advanced that the pendency of the original action should not have suspended the running of the statute against the action to set aside as fraudulent the conveyance of the defendant's property, because the plaintiff had a right to attach the land without waiting for judgment to be rendered. She was not required to invoke the remedy by attachment. (*Rose v. Dunklee,* 12 Colo. App. 403, 56 Pac. 342.) A contrary holding in *Gillespie v. Cooper,* 36 Neb. 775, 55 N. W. 302, was overruled in *Ainsworth v. Roubal,* 74 Neb. 723, 105 N. W. 248. She was not bound

to anticipate the deeding away of the defendant's land, and after the deed had been executed an attachment against the grantor would not have been in itself a complete remedy. Nor could the existence of an attachment, before judgment, be made a basis of a creditor's bill. (*Tennent v. Battey,* 18 Kan. 324.)

The petition for a rehearing is denied.