No. 30,790.

GEORGE KITTEL, *Appellant*, v. J. W. SMITH et al., *Appellees*.

(16 P. 2d 538.)

Opinion filed December 10, 1932.

*Leo T. Gibbens,* of Scott City, for the appellant.
*C. A. Spencer* and *J. H. Jenson,* both of Oakley, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this case is from an order of the trial court sustaining the motion of the defendants for judgment on the pleadings.

The plaintiff in his petition sought to set aside a deed from the principal defendant to his wife as fraudulent and void and to have

the land described therein declared to be the property of the grantor and subject to the lien of the plaintiff's judgment against him. The petition, filed in March, 1931, alleged that a demand had been made upon the principal defendant for payment of this claim in June, 1922, that the deed in question was executed on July 10, 1922, and was recorded July 17, 1922; that plaintiff commenced his action on his claim in October, 1922, and recovered a judgment on April 9, 1924; that the wife of the principal defendant died intestate in June, 1929, leaving her husband and four children as heirs, all being made defendants; that the deed was executed without consideration and only for the purpose of defrauding plaintiff and to prevent him from collecting his just claim, and the fact of such fraudulent conveyance was not learned by the plaintiff until April 1, 1929, when execution was issued and returned unsatisfied.

The principal defendant and the four children filed an answer admitting the execution of the deed, the obtaining of the judgment by plaintiff, the death of the wife and the relationship as alleged, and pleaded the two-year statute of limitations as a bar to the plaintiff's cause of action. The four children filed a cross petition alleging that their mother died in June, 1929, leaving a will making them the sole devisees therein, which was admitted to probate May 28, 1930. A copy of the will was attached to the cross petition, which further alleged that on May 9, 1930, plaintiff had an execution issued on his judgment against their father, the principal defendant, and on June 16, 1930, the land was purchased by the plaintiff at sheriff's sale. The cross petition concluded with a prayer to quiet the title to said property in them against the claim, lien and judgment of the plaintiff.

The reply is in effect a general denial admitting that the exhibit is a copy of the will but denying that the children obtain any right, title or interest thereunder, also admitting the sale and purchase of the property under his execution. An amended reply sets up copies of an election made by the principal defendant five days after the will was probated, to take under the will of his deceased wife, and the order of court receiving the same, and alleges that such election is of no force or effect.

In sustaining defendants' motion for judgment on the pleadings the trial court held the plaintiff's cause of action was barred by the two-year statute of limitations and that the title of the children

should be quieted against the judgment, lien, sale and purchase of the plaintiff.

The eminent counsel for appellant does not contend nor maintain that the action, as stated in the petition, apart from the allegations of the cross petition and replies with reference to the will and the election thereunder, is not barred by the statute of limitations, but he insists that the answer, cross petition and replies raised a question of fact which was vital to the proper adjudication of all the matters involved. The plaintiff's cause of action must be determined from the allegations of his petition. It was one to set aside a deed from a debtor to his wife without consideration and with the intent to defraud his creditor, the plaintiff. And although the action was commenced in less than two years from the time plaintiff learned of the transfer, yet the petition shows the deed was recorded more than eight years before the filing of the petition and the action was therefore necessarily barred.

"A plaintiff who brings an action claiming that a deed to land was fraudulently filed for record for the purpose of cheating him is asking relief on the ground of fraud, and to escape the bar of the statute the action must be brought within two years after the discovery of the fraud. Notice of the alleged fraud was brought to the plaintiff by the filing and recording of the instrument by which the alleged fraud was accomplished, and is sufficient to start the statute of limitations although plaintiff had no actual knowledge of the filing of the instrument." (*Pinkerton v. Pinkerton,* 122 Kan. 131, syl., 251 Pac. 416.)

"When the means of discovery of a fraud lie in the public records required by law to be kept, which involve the very transaction in hand and the interests of the parties to the litigation, the public records themselves are sufficient constructive notice of the fraud to set in motion the statute of limitation. . . ." (*Smith v. Rector,* 135 Kan. 326, syl. ¶ 2, 10 P. 2d 1077.)

The additional features of this case raised by the answer, cross petition and replies do not directly concern the plaintiff's cause of action. They start with the cross petition of the children setting up their rights under their mother's will and seeking to quiet the title to the property in question against the judgment of the plaintiff and sheriff's sale thereunder. The only purpose of the reply and amended reply, aside from denying the bar of the statute of limitations, was to meet and deny the allegations of the cross petition, an entirely separate cause of action, although connected with and growing out of the same transaction.

The appellant propounds some questions with reference to the

right of a married woman to devise or bequeath to others more than one-half of her property without the consent of her husband in writing as limited by R. S. 22-238, and whether such consent is equivalent to an election as provided for in R. S. 22-245, and when such consent or election must be given or made. We think we are not concerned with any feature of consent. The exhibits attached to the amended reply show an election and that it was made within the time allowed by R. S. 22-245. The distinction between these two provisions or methods is well stated in *Weisner v. Weisner*, 89 Kan. 352, 131 Pac. .608, and covers the queries raised in the earlier case of *Sill v. Sill*, 31 Kan. 248, 1 Pac. 617. Appellant claims that the right to elect is limited by our statute to those to whom a provision is made in the will and that where none is made there is nothing to "accept," and hence the principal defendant in this case was not and could not be disinherited of his one-half of the property. In the recent case of *West v. West*, 135 Kan. 223, 9 P. 2d 981, an election was recognized when the will did not mention the name of the wife, it having been executed before the marriage. The election which a widow is required to make under R. S. 22-245 is between the rights she has and not between benefits. The same rights are by R. S. 22-127 accorded to a widower as to a widow. In the case of *Cunningham's Estate*, 137 Pa. St. 621, it was said:

"This was decided in *Hoover v. Landis*, 76 Pa. 354, but the learned auditor in the present case drew a distinction based on the fact that in Hoover's will provision was made for his wife, while in Cunningham's she was not named; but such a distinction is altogether untenable. Followed to its logical conclusion, it would result that a will which gave the widow one cent would require and support a valid election, while one which gave her nothing would not permit an election at all. The law does not sanction such an illusory distinction, and the argument which would support it is founded on wrong premises. The election which the widow is required to make is between rights, not between benefits. She has the right to abide by her husband's disposition of his property, or the right to override it and claim under the intestate law. These rights are inconsistent and cannot coexist. She has always the choice which she will assert, but the choice is of one or the other, not both, and does not legally depend in any degree on the mention or omission of her in the will, or on the quantum of benefits she receives or renounces under it." (p. 628.)

Appellant cites numerous cases from other jurisdictions, some of which have different statutes and are therefore not all pertinent. However, where the cross petition and replies and the exhibits at-

tached thereto show a regular election, as they do in this case, and that is the only additional defense against the title of the children to the property in question under the will of their·mother, their title on the face of the pleadings is such as should be quieted against the plaintiff and his judgment and lien. Then if both of these causes of action be considered together, as appellant urges they should be, the motion of the defendants for judgment on the pleadings was, we think, properly sustained, and we also think there was no error in the overruling of the motion for a new trial.

The judgment is affirmed.