No. 32,633

THE FIRST NATIONAL BANK OF WETMORE, *Appellant,* v. EDWIN SMITH and MARTHA A. SMITH, *Appellees.*

(55 P. 2d 420)

370

Opinion filed March 7, 1936.

E. R. Sloan, W. Glenn Hamilton, F. A. Sloan and Eldon R. Sloan, all of Topeka, for the appellant.

Walker F. Means and Lloyd S. Miller, both of Hiawatha, for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This was an action to set aside a deed alleged to have been made to defraud creditors.

Defendants' general demurrer to the amended petition was sustained and from that ruling plaintiff appeals. Before we determine the correctness of that ruling we shall first dispose of a preliminary question raised by appellees. They contend the appeal should be dismissed. The action had been dismissed by the trial court prior to notice of appeal without prejudice by reason of appellant's failure to file its second amended petition within the time allowed. No appeal was taken from the order of dismissal. Appellees insist since appellant asked and was granted leave to file a second amended petition, they waived their right to appeal from the ruling on the demurrer: In support of this contention we are referred to *Robertson v. Christenson,* 90 Kan. 555, 135 Pac. 567; *Miles v. Hamilton,* 106 Kan. 804, 189 Pac. 926, and *Cox v. Gibson,* 125 Kan. 76, 262 Pac. 1030. In these cases the parties against whose pleading the demurrer was sustained elected to file a subsequent pleading. Having elected to supersede the former pleading, it was held they had acquiesced in the ruling and the ruling was therefore not subject to appellate review. In the instant case appellant did not elect to file a subsequent pleading, but instead, perfected an appeal from the ruling on the demurrer within the statutory time. This ruling was a final order which appellant was entitled to have reviewed. (R. S. 60-3302, 60-3303.) For a case involving similar facts, see *Bringle v. Gale Township,* 127 Kan. 115, 272 Pac. 126. Appellees cite decisions from other states dealing with the proper practice and procedure, under circumstances similar to those in the instant case. They appear to support appellees' contention, but decisions from other states on practice and procedure are not controlling here.

It might have been well for appellant to have suggested a stay or continuance until the supreme court had determined the correctness of the intermediate appealable order. There would have been no impropriety in such suggestion. (*Leslie v. Mfg. Co.,* 102 Kan.

159, 169 Pac. 193.) The fact, however, appellant did not make such suggestion or request does not preclude its right of appellate review.

A review of the order sustaining the demurrer to the amended petition requires examination of the pleading. The amended petition in substance states: Plaintiff's principal place of business was Wetmore. The indebtedness represented by plaintiff's judgment was created on and prior to September 20, 1924. The note on which the judgment was based had been renewed from time to time. Plaintiff was advised by defendant, Edwin Smith, at the time the indebtedness 'was created, and believed defendant was the owner of the real estate in question. Defendant held out to plaintiff and permitted it to act on the belief he was the owner. On September 20, 1924, defendant, Edwin Smith, executed a deed to his wife, conveying the land in question, without consideration and for the purpose of hindering, delaying and defrauding his creditors. The deed was recorded September 22, 1924. Plaintiff did not learn of attempt to transfer the real estate until about July 1, 1932. On November 13, 1933, plaintiff obtained judgment on its note. Execution was issued and returned unsatisfied December 30, 1933.

The action to set aside the deed was filed April 14, 1934. The demurrer was on the ground the amended petition did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants, or either of them. "Was the demurrer properly sustained? The answer must be in the affirmative.

R. S. 60-306 reads:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards . . . Within two years . . . an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

The original note upon which the judgment was based was executed on or before September 20, 1924. The alleged fraudulent deed was executed on September 20, 1924. It was recorded two days thereafter. There is no allegation that defendant, the grantor, did not own ample other property on the date of conveyance to satisfy the debt. Appellant had at least constructive notice of the conveyance for approximately nine years prior to his suit on the note. He did not reduce the note to judgment until November, 1933. How often appellant permitted the note to be renewed within that nine-year period does not appear. The allegation is the note was renewed

from time to time. It stands to reason it must have been renewed many times. For all that appears in the amended petition defendant had sufficient property during various renewal maturities, and even on the date suit was commenced on the note, out of which to satisfy the debt. What was done by appellant during these many years to collect the indebtedness? So far as the amended petition discloses, nothing.

On the other hand, if defendant, the grantor, had not retained sufficient property to satisfy the debt, what valid ground is alleged for the long delay in obtaining judgment? None. The amended petition simply alleges the bank did not learn of the attempt to transfer the property until July, 1932. That was a period of almost eight years after the recording of the deed. For the purpose of the demurrer it is admitted appellant did not have actual notice of the fraud but had constructive notice of at least the execution of the deed since February, 1924. Notwithstanding such notice, the bank renewed the note from time to time over the course of approximately nine years without taking any steps to reduce the note to judgment. Nothing is pleaded which would relieve or tend to relieve it from this unreasonable delay.

Appellant insists its cause of action to set aside the deed did not accrue until it obtained judgment on the note and execution was returned unsatisfied. (*National Bank v. Walters*, 129 Kan. 49, 281 Pac. 868.) Supposing that be conceded to be the general rule, it does not follow appellant could delay indefinitely reducing the note to judgment.

In the case of *Donaldson v. Jacobitz*, 67 Kan. 244, 72 Pac. 846, this court discussed the subject of constructive notice of execution of a deed and constructive notice of the fraud resulting from the recording. It was there said:

"An action by a creditor to set aside as fraudulent a deed made to his debtor's wife, and to subject the property to the payment of his debt, is ordinarily barred in two years from the time the deed was recorded, where the creditor knew of the execution of the deed at the time it was made but supposed that it named his debtor as grantee. The fraud is deemed to have been discovered whenever in the exercise of reasonable diligence it might have been discovered, and in such a case reasonable diligence required an examination of the record, which would necessarily have disclosed the fraud alleged. While the action referred to could not be brought until the claim was reduced to judgment, *the running of the statute of limitations could not be indefinitely postponed by the delay of the creditor to begin proceedings for*

*that purpose, and such delay could in no event exceed two years without resulting in a complete bar to the action."* (Syl.) (Italics inserted.)

The necessity of proceeding with reasonable diligence to obtain judgment was again before this court in the case of *Young v. Buck,* 97 Kan. 39, 154 Pac. 213, and again later on motion for rehearing, 97 Kan. 195, 197, 154 Pac. 1010. In the last opinion it was held:

"Although during the pendency of an action for the recovery of money the defendant makes a conveyance of real estate, which is at once recorded, the circumstances being such as to charge the plaintiff immediately with notice of its execution and of its fraudulent character, the statute of limitation (requiring actions for relief on the ground of fraud to be brought within two years from the discovery of the fraud) does not begin to run against an action to subject the land conveyed to the payment of the plaintiff's claim until judgment has been rendered in the original action, *provided it is prosecuted with reasonable diligence."* (Syl. ¶ 1.) (Italics inserted.)

In the case of *Hardware Co. v. Semke,* 105 Kan. 628, 185 Pac. 732, the suit on the note was brought more than two years after the execution and recording of the alleged fraudulent deed. It was held the action was not barred, but it must be observed the note which formed the basis of judgment in that case had not matured until three days before suit was commenced on it. This court said:

"The contention that the action was barred by the statute of limitations cannot be upheld. The ground advanced is that the conveyance was executed and recorded more than the statutory period of two years before the action on Semke's note was begun. This action to set aside the conveyance did not accrue until that note was reduced to judgment. *There was no unreasonable delay in suing on the note, nor in bringing this action after judgment was obtained.* The note did not mature until March 14, 1917, and the action thereon was brought on March 17, 1917, and judgment was recovered on January 8, 1918. This proceeding was brought on April 8, 1918, and as the cause of action pleaded did not accrue until the judgment on the note was rendered, it was well within the statutory period of limitation. (*Young v. Buck,* 97 Kan. 195, 154 Pac. 1010.)" (p. 631.) (Italics inserted.)

In a note in 76 A. L. R. 877 the rule is stated thus:

"The procuring of judgment cannot, however, be delayed unduly, the creditor being required to proceed with ordinary diligence; his delay cannot indefinitely postpone the running of the statute of limitations."

Counsel for appellant insist the judgment must be reversed on the authority of *National Bank v. Walters,* 129 Kan. 49, 281 Pac. 868. The contention is untenable. On the precise point of necessity for diligence on the part of the creditor in taking the necessary preliminary steps to qualify him to set aside the conveyance, it was said:

"A creditor having knowledge. of his debtor's fraudulent conveyance must not unduly delay taking the steps necessary to qualify him to set the conveyance aside and, as indicated, the bank was charged with laches in reducing its claim to judgment." (p. 50.)

That principle was applied to the facts in the Walters case. The facts in the Walters case differ materially from those in the instant case with regard to the exercise of diligence in obtaining judgment. It is not necessary to enumerate all the facts in the Walters case in order to distinguish that case on the particular point at issue. In the Walters case the question whether a prior $30,000 note was valid had been in litigation instituted by the debtor. That action was finally dismissed without prejudice, and pursuant to the dismissal and an agreement Walters and others liable on the note each executed separate and individual notes for $3,000. The extension of time in which to pay the $3,000 note was inconsequential, being for only about thirty-nine days. After maturity of the $3,000 note the bank made various efforts to collect the note without suit. Conferences with Walters resulted in prospects of settlement. After a futile last interview the bank brought suit on the note within less than six months. This was within fifteen months after the maturity of the note. The decision in the Walters case can under no possible interpretation be construed to justify a nine-year delay in obtaining judgment. It is authority for precisely the contrary.

The judgment of the trial court sustaining the demurrer to the amended petition must be affirmed. It is so ordered.