No. 32,768

HAROLD KEYES, *Appellant*, v. ROLAND B. STEELE et al., *Appellees.*

No. 32,769

HAROLD KEYES, *Appellant*, v. J. RALPH STEELE et al., *Appellees.*

No. 32,770

HAROLD KEYS, *Appellant*, v. JESSIE S. LOVE et al., *Appellees.*

No. 32,771

HAROLD KEYES, *Appellant*, v. THEODORE BEN STEELE et al., *Appellees.*

No. 32,772

HAROLD KEYES, *Appellant*, v. DENNIS L. STEELE et al., *Appellees.*

(57 P. 2d 28)

Opinion filed May 9, 1936.

*Chauncey B. Little* and *John L. Kirkpatrick,* both of Olathe, for the appellant.

*S. D. Scott, Frank D. Hedrick,* and *Charles C. Hoge,* all of Olathe, for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This was an action in ejectment and for partition of real estate.

Plaintiff has appealed from an order sustaining demurrers to his original and amended and supplemental petitions. The demurrers were sustained on the ground each of the petitions contained several causes of action improperly joined, and that neither of the petitions stated a cause of action.

Plaintiff had filed five actions against certain heirs who were the record title owners of separate portions of 120 acres of land. There are five appeals to this court, but by stipulation all the cases are submitted on the record in this one case. The five separate suits grew out of conveyances of 120 acres of land by Helen M. Steele to six children by a second marriage. Each of the six children were conveyed separate tracts of twenty acres. Helen M. Steele had two children by her first marriage, and plaintiff is the sole heir of one of those children. One of the children by the second marriage deeded a twenty-acre tract to one of the other children of the second marriage, thereby giving the last grantee forty acres. That conveyance accounts for five suits instead of what would otherwise have required six suits. Helen M. Steele, the original grantor, died intestate. It is plaintiff's contention that upon the death of his grandmother be became vested with a one-eighth interest in this land.

The original petition, to which a demurrer was also sustained, was filed in 1931. That petition alleged fraud and conspiracy by the six children under the second marriage whereby they inveigled and tricked their mother into signing the deeds conveying the property to them. It was alleged this was accomplished through false and fraudulent representations, threats and deceptions.

From the view we take of this action, it is necessary to consider only the·demurrer to the amended and supplemental petition. One of appellees' contentions is the demurrer was properly sustained, for the reason the statute of limitations had run against any cause of

action alleged to have been pleaded. If that is true it disposes of the lawsuit.

In addition to the facts previously stated, the following pertinent allegations appear in the amended petition:

"That on the 7th day of June, 1929, Helen M. Steele, the grandmother of this·plaintiff and the mother of plaintiff's father, George Keys, died intestate, being at said time the owner of and in possession of one hundred and twenty acres of land in Johnson county, Kansas. . . .

"That in the year 1914, someone, the plaintiff does not know who and therefore cannot state, prepared and created two certain instruments in writing purporting to be deeds of gifts conveying the south half of said forty acres to Daniel M. Steele and the north half thereof to Dennis L. Steele, and forged the signature of Helen M. Steele thereon, as one of the grantors, and fraudulently dated said instruments back about eight years to April 5, 1906, and also forged the signature of E. B. Gill, as notary public, on each said written instrument, which said written instruments were recorded in the office of the register of deeds of Johnson county, Kansas, on March 9, 1914. . . .

". . . that the defendant Dennis L. Steele wrongfully claims title to the entire forty acres and wrongfully withholds possession of plaintiff's undivided one-eighth interest therein, and wrongfully excludes the plaintiff therefrom, and has done so since April 7, 1931. . . .

"That said alleged deeds, above referred to, one to Dennis L. Steele and the other to Daniel M. Steele, purporting to be from P. P Steele and Helen M. Steele, are null and void, and do not pass any title to said real property therein described, for the reason that they are forgeries as to Helen M. Steele, and for the further reason that each contains a provision that it is not to be effective until after the death of the grantors, and they are therefore testamentary in character and not properly executed as such as required by the statutes of Kansas."

The amended petition further alleges defendant Phoenix Joint Stock Land Bank claims a mortgage on the tract of land in question, but that the mortgage is not a lien for the reason Dennis Steele had no title upon which to base a lien. It appears this allegation constitutes the supplemental portion of the amended petition.

The amended petition alleges the deeds from Helen Steele were recorded on March 9, 1914. Helen Steele, the grantor, lived until June 7, 1929, or a period of over fifteen years after the recording of the alleged forged deeds. The original petition was filed June 15, 1931, over seventeen years after recording of the deeds, and two years and eight days after the death of Helen Steele. The amended petition was filed March 23, 1934, over two years and eight months after the filing of the original petition. From the amended petition it appears the defendant, Dennis Steele, is in possession of the land.

The land was mortgaged by Dennis Steele and the mortgage was placed of record.

If it be not true that Helen Steele in fact signed the deeds, as plaintiff in the original petition alleged, and if it be actually true that they were forgeries as now alleged in the amended petition, it still remains a fact that the procurement of those forgeries constituted a fraud against the owner, Helen Steele, and against plaintiff who, except for the conveyances, would have inherited a one-eighth interest in the land. Again the recording of such forged deeds resulted in a fraud as to both Helen Steele and plaintiff. The recording placed the record title in the name of Daniel and Dennis Steele. The conveyance from Daniel to Dennis of one twenty-acre tract placed the entire record title to the forty acres in the name of Dennis Steele. This fact enabled him to mortgage the land to an innocent third party. The constructive notice resulting from the recording of the deeds was, of course, sufficient to start the running of the statute of limitations as against plaintiff. He filed no action for relief until two years and eight days after the death of Helen Steele. This was too late. (*Black v. Black,* 64 Kan. 689, 68 Pac. 662; *Foy v. Greenwade,* 111 Kan. 111, 206 Pac. 332; *Hinderliter v. Bell,* 114 Kan. 857, 221 Pac. 252; *In re Estate of McFarland,* 118 Kan. 534, 235 Pac. 832; *Pinkerton v. Pinkerton,* 122 Kan. 131, 251 Pac. 416; *Kittel v. Smith,* 136 Kan. 522, 16 P. 2d 538.) In the Foy case it was held:

"Where one has been fraudulently induced to give a quit-claim conveyance to his interest in real estate, and he brings an action to set aside the conveyance and for a recovery of his interest in the land, the first phase of such action is for relief on the ground of fraud, and such action must be begun in two years, and this rule governs, although, if the relief on the ground of fraud is timely asked and obtained, the second phase of the action—to recover his interest in the property—may be commenced at any time within fifteen years." (Syl. ¶ 2.)

Appellant insists a forged deed is void and recording gives it no validity. That is not the issue now. Statutes of limitation are statutes of repose. If plaintiff desired relief from the fraud which had been perpetrated against him he was obliged to do something about it. He was compelled to act within the period prescribed by the statute. Our statute of limitations makes no exception with regard to fraud perpetrated by means of the procurement of forged deed. We are not permitted to read an exception into the statute. The pertinent portion of R. S. 60-306 reads:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have ac-.crued, and not afterwards: . . . *Third.* Within two years: An action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

The amended petition makes no pretense of denying notice or actual knowledge of the fraud for less than two years before the filing of either petition, or that by the exercise of due diligence such fraud could not have been discovered within that time. This is not the only reason the demurrer was properly sustained, but it is a sufficient reason. The order sustaining the demurrer is affirmed.