No. 38,482

R. W. PEASE, *Appellee*, v. LEILA M. SNYDER, *Appellant*.

(240 P. 2d 134)

January 26, 1952.                                        Opinion filed

*Archie T. McDonald,* of McPherson, argued the cause, and *Daniel O. Lardner,* of Fort Scott, and *Russ B. Anderson,* of McPherson, were with him on the briefs for the appellant.

*Howard Hudson,* of Fort Scott, argued the cause, and *Douglas Hudson* and *Douglas G. Hudson,* both of Fort Scott, were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: On October 22, 1946, plaintiff commenced an action in the nature of a creditor's bill to subject the alleged interest of J. R. Snyder in certain real estate to the payment of a money judgment against him in favor of the plaintiff. Leila M. Snyder, wife of J. R. Snyder, and one of the defendants, filed a motion for judgment on the pleadings and that motion being denied she appealed to this court which concluded her motion was not tantamount to a demurrer and dismissed her appeal (*Pease v. Snyder,* 166 Kan. 451, 201 P. 2d 661). Thereafter, the cause was tried in the district court which concluded, among other things, that a purchase by Leila M. Snyder from the purchaser at a tax foreclosure sale amounted to a redemption in favor of her cotenant, J. R. Snyder, the judgment debtor, and that his interest was subject to appropriation for payment of the judgment debt. The Snyders appealed to this court, which in substance held that the tax foreclosure proceedings cut off the rights of the cotenants and that Leila M. Snyder by a subsequent purchase from the purchaser at the tax foreclosure sale took a good title as against her former cotenants. The judgment of the trial court was reversed and a new trial ordered (*Pease v. Snyder,* 169 Kan. 628, 220 P. 2d 151).

The trial, out of which the present appeal arises, was upon the issues as originally joined by the pleadings. For present purposes it may be said plaintiff alleged that he recovered a judgment against defendant J. R. Snyder on October 29, 1943; that the defendants Snyder were cotenants of the real estate in question; that the real estate was sold at tax foreclosure sale to Leo W. Bohon and Helen E. Bohon who conveyed it to Leila M. Snyder and that she held the title for herself and J. R. Snyder. The petition did not allege the dates these deeds were recorded. The answer of Leila M. Snyder contained a demurrer that the petition stated no cause of action, a general denial, and allegations of facts as to how she acquired title by purchase from the Bohons, and that after acquiring title she had contracted to sell the real estate to the defendants Grimm. She prayed that her title be quieted. The defendants Grimm answered

that they had contracted under date of March 1, 1946, to purchase the real estate for the sum of $4,725. The plaintiff replied to the answer of Leila M. Snyder and alleged at length that the funds used in completing the purchase from the Bohons were the funds of J. R. Snyder and his attempted release of his interest in the real estate was for the purpose of hindering, delaying and defrauding plaintiff, a creditor of defendant John R. Snyder. The reply did not allege when Pease discovered any of the facts relied on as showing fraud.

During the course of the trial, and at the close of plaintiff's evidence, the defendants Snyder demurred thereto on various grounds, including that if any cause of action was shown, it was barred by the statute of limitations. This demurrer was overruled, the trial proceeded and at its close the court made findings of fact and conclusions of law, and in substance that J. R. Snyder and Leila M. Snyder fraudulently conspired to manipulate the title to the real estate in such manner as to keep it beyond the reach of the creditors of J. R. Snyder; that the proceeds from the sale of the real estate to the Grimms were amenable to the satisfaction of the Pease judgment against J. R. Snyder, and Pease should be given a lien against the real estate provided it did not exceed one-half of the contract price, and judgment was rendered accordingly.

Defendant Leila M. Snyder filed her several motions to set aside and modify certain conclusions of fact and law; that certain suggested conclusions be adopted; that certain evidence be stricken; and for a new trial. Some slight changes were made in the court's conclusions, but generally the several motions were denied. On motion of Leila M. Snyder the judgment against her was set aside but another of like character was immediately rendered and in due time Leila M. Snyder perfected her appeal to this court, specifying as error the ruling on her demurrer to plaintiff's evidence, the ruling on her motion for a new trial and other post trial motions and the rendition of judgment against her.

Appellee includes in his counter-abstract a motion that the appeal be dismissed for the reason that after appellant's motion for a new trial and other motions were heard the trial court, although overruling those motions generally, did set aside the judgment and later render another judgment against which no motions were directed. Without a full statement of all that occurred, we think in view of the timely appeal from the final judgment and from all judgments, orders and rulings of the court, appellant is en-

titled to be heard on her demurrer to plaintiff's evidence, subject to review under G. S. 1949, 60-3314a. We shall limit our discussion to her contention that the trial court erred in ruling on her demurrer to the plaintiff's evidence for the reason such evidence disclosed that any cause of action, if proved, was barred by the statute of limitations.

In such discussion we take note that as a general rule the statute of limitations must be pleaded to be available as a defense, and that it was not so pleaded in the instant action. The rule, however, is not inflexible, and we have many decisions holding to the general effect that a pleading which shows on its face that the cause of action is barred by the statute of limitations is demurrable. See West's Kansas Digest, Limitation of Actions, §§ 180, 182, and Hatcher's Kansas Digest, Limitation of Actions, § 189. The petition in the instant case was framed on the theory that defendants J. R. Snyder and Leila M. Snyder were tenants in common prior to the tax foreclosure judgment and that the act of Leila M. Snyder in obtaining title to the real estate from the purchaser at the tax foreclosure sale was a redemption. Although Leila M. Snyder's answer to that petition did contain a demurrer, it could not have raised any question of limitations of action for at the time she filed her answer none was involved. Plaintiff, by his reply and for the first time, pleaded fraud by J. R. Snyder and Leila M. Snyder, but alleged no date as to when the fraud occurred, when the alleged fraudulent deed was recorded nor when plaintiff discovered the fraud. No question of variance between petition and reply has been raised and we shall not discuss that phase. Under the code of civil procedure there is no pleading subsequent to a reply, but where new matter is alleged in a reply a demurrer may be directed thereto, but the truth of the new matter shall be deemed to be controverted by the adverse party (G. S. 1949, 60-748). It is clear that for reasons above set forth, a demurrer to the reply could not have been sustained, and it is also clear the allegations of fraud stood denied. Passing for the moment the question whether the cause was barred, we note that in *Arnold & Co. v. Barner*, 100 Kan. 36, 163 Pac. 805, it was held:

"When a cause of action is in fact barred by the statute of limitations, but the allegations of the petition are so broad that they can not be met by demurrer, the defendant may enter a general denial, and may then await a failure of proof which will strip the cause of action down to the bare facts where the pertinency of the statute of limitations will become apparent, and may then interpose a demurrer to the evidence." (Syl. ¶ 4.)

In *Mercantile Co. v. Rooney,* 114 Kan. 840, 220 Pac. 1048, a review of pertinent decisions was made and the rule of *Arnold & Co. v. Barner* was adhered to. An analogous situation was presented in *Simmons v. Clark,* 151 Kan. 431, 434, 99 P. 2d 739, where it was said that defendants were not precluded from demurring to the evidence on the ground the action was barred.

Under the above authorities appellant was entitled to raise the bar of statute of limitations by her demurrer to appellee's evidence.

We turn now to a consideration of appellee's evidence, which showed that as the result of a tax foreclosure action the involved real estate, the title to which had previously stood in the names of J. R. Snyder and Leila M. Snyder, was sold at sheriff's sale to Leo W. Bohon and Helen E. Bohon, the sale confirmed and a deed delivered to them on June 30, 1943, and recorded; that the Bohons conveyed the real estate to Leila M. Snyder on July 22, 1943, the deed being recorded on April 4, 1944; that shortly after appellee procured his judgment against J. R. Snyder in October, 1943, Mr. and Mrs. Snyder called on appellee's attorney with reference to the judgment and at that time told the attorney that Pease would never be able to collect his judgment; that J. R. Snyder said he had put up the money and had placed the title in his wife's name. Other evidence need not be noticed.

It needs no extended recitation to show that if there was any fraud in the acquisition of the title to the involved real estate by Leila M. Snyder, it occurred on or before she acquired that title on July 22, 1943. Under the statute of limitations, actions for relief on the ground of fraud must be commenced within two years from the discovery of the fraud (G. S. 1949, 60-306, *Third*). (*Donaldson v. Jacobitz,* 67 Kan. 244, 72 Pac. 846; *First National Bank v. Smith,* 143 Kan. 369, 55 P. 2d 420; *Causemaker v. DeRoo,* 153 Kan. 648, 113 P. 2d 85.) Under the evidence of his own attorney Pease had notice of the fraud shortly after the judgment against J. R. Snyder rendered on October 29, 1943, but in any event he had notice from the time of the recording of the Bohon deed to Leila M. Snyder on April 14, 1944 (*Keys v. Steele,* 143 Kan. 826, 57 P. 2d 28, and *Malone v. Young,* 148 Kan. 250, 81 P. 2d 23, and cases cited). If it be contended that the statute of limitations did not commence to run until Pease obtained his judgment against J. R. Snyder on October 29, 1943, because he could not have maintained an action prior thereto, it suffices to say his action was not commenced within two years from the latter date. As bearing on this question

see *Taylor v. Lander*, 61 Kan. 588, 60 Pac. 320, and *First National Bank v. Smith*, supra, and cases cited. There is no question but that the instant action was not commenced until October 22, 1946, and at a time when appellee's cause of action was barred by the statute of limitations.

The trial court erred in overruling appellant's demurrer to appellee's evidence. The judgment of the trial court is reversed and the cause remanded with instructions to sustain the demurrer.

Opinion filed January 26, 1952.