No. 39,363

ROSA M. KLOTZ, *Appellee*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ELLSWORTH, KANSAS, *Appellant*.

(270 P. 2d 281)

Opinion filed May 8, 1954.

*John V. O'Donnell*, county attorney, argued the cause and was on the briefs for the appellant.

*George D. Miner* and *Paul L. Aylward*, both of Ellsworth, were on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: In this action plaintiff seeks a mandatory injunction to compel the defendant, The Board of County Commissioners of Ellsworth County, to remove obstructions in a road which are

causing water to overflow on her adjacent lands. The appeal is from an order overruling a demurrer to the petition.

The action was commenced on September 9, 1953, by the filing of a petition which, omitting formal allegations of no consequence and its prayer, reads:

"That the plaintiff is now and has been for more than thirty years last past the owner and in possession of the South Half (S/2) of the Northwest Quarter (NW/4) of Section Two (2), Township Fourteen (14) South, Range Ten (10) West, in Ellsworth County, Kansas, located wholly outside the limits of an incorporated city and being the only land owned by the plaintiff in Sections Two (2) or Three (3), in said township, and during all of said time said land has been used for agricultural purposes and is now being used for agricultural purposes.

"That for more than thirty years prior to the year of 1946, the defendant maintained as a public road a dirt constructed road on the west section line of plaintiff's real estate, above described, and along the east section line of Section Three (3), Township Fourteen (14) South, Range Ten (10) West, in Ellsworth County, Kansas; that the natural drainage of surface waters from land lying to the west and southwest of said road as it runs along the west line of the plaintiff's real estate is in an easterly and northeasterly direction toward the road maintained by defendant as aforesaid; that at all times for the past thirty years prior to the year of 1946, the defendant maintained and kept a ditch and channel along the west side of said road and surface water from the west and southwest drained in its natural course into said ditch and channel, which constituted a well-formed waterway for the conduct of said water along said west side of the road to a ravine near the northeast corner of Section Three (3), Township Fourteen (14) South, Range Ten (10) West, from whence the water flowed in a natural down grade and depression to the northwest and into a water course known as Hell Creek.

"That sometime during the year of 1946, the exact date being unknown to plaintiff, the defendant constructed at the northeast corner of Section Three (3), aforesaid, a block and obstruction and thereby plugged and sealed the channel theretofore maintained for the conduct of the surface waters into the natural drainage toward Hell Creek and prevented the said water from flowing to the north and northwest in its natural course in which it had flowed for more than thirty years prior to 1946 and the defendant thereafter in the year of 1947 elevated the roadway running between the land of plaintiff and Section Three (3), as above described, and during the years of 1947 and 1948 the defendant continued to reconstruct said road and alter the same and in.so doing reconstructed a bridge at a point approximately in the center of the west line of the South Half (S/2) of the Northwest Quarter (NW/4) of Section Two (2), aforesaid, and in reconstructing said bridge enlarged and deepened the same and constructed roadside ditch blocks a short distance north of said bridge on both the east and west sides of the road adjacent to the real estate of the plaintiff and by reason thereof diverted and changed the course of said surface waters and caused the normal the flood waters theretofore draining along the west side of the road into Hell Creek to be diverted to the east side

of said roadway through the bridge reconstructed by defendant whereby the water was and is collected in volume along the east side of the road and abutting the real estate of the plaintiff and said water was and is discharged onto the land of the plaintiff with great force and volume.

"That prior to the change and diversion of the water flow from its drainage into Hell Creek as herein stated the land of plaintiff was used for agricultural purposes and had thereon no deep ditches or eroded areas and was suitable for farming purposes; that as a result of the diversion of said water by defendant and the casting of the same in increased force and volume upon the land of the plaintiff deep ditches have been dug thereon by the force of the water and the land has become eroded and continues to become more eroded and the ditches thereon continue to become deeper and the land of the plaintiff is being continually damaged and destroyed and the plaintiff has no remedy at law.

"That the defendant, in changing the flow and the course of the water from the channel constructed along the west side of the road and maintained for many years, as above stated, made no application to the Chief Engineer, Division of Water Resources, to change the flow of said water and to construct water obstructions along said road and the approval of said engineer to said work has never been obtained.

"During the years 1947 and 1948, the exact dates of which the plaintiff is unable to state, on several occasions the plaintiff conferred with the County Engineer of Ellsworth County, Kansas, and the Board of County Commissioners of Ellsworth County, Kansas, with reference to the changes made in the roadway and drainage of the roadway above referred to and the proposed changes therein and at all times the Board of County Commissioners and the County Engineer of Ellsworth County, Kansas, represented to the plaintiff that the changes in drainage and in the roadway would not subject the land of the plaintiff to any additional flow of water nor result in any damage to the above described land owned by the plaintiff; that thereafter at some time during the year of 1951, the exact date of which the plaintiff is unable to state, the plaintiff complained to the Board of County Commissioners and the County Engineer of Ellsworth County, Kansas, of the change in drainage made by the county of said roadway and of the damage being caused to the land of the plaintiff by the discharge of the concentrated water upon her land and the washing away of the top soil and ditching resulting on her land, and that at various times thereafter during the years subsequent to 1951 the plaintiff complained to the County Engineer and the Board of County Commissioners of Ellsworth County, Kansas, of the discharge of water from the entire drainage area in a concentrated flow under the bridge reconstructed by the county in 1948 and the resulting cutting away of her field and of a ditch three to four feet deep and that the Board of County Commissioners informed the plaintiff that they would take the matter under advisement and would attempt to provide for drainage in such a manner as not to cause damage to the plaintiff; that the said Board of County Commissioners has failed and continued to fail to remove road blocks and to open the roadside ditches so as to drain the water from the west side of said road to the north and in the same manner as the water drained prior to 1946."

Without leveling motions of any kind or character against the

foregoing petition the defendant demurred thereto on the overall basis it failed to state a cause of action because it disclosed upon its face the alleged and pretended cause of action therein set forth was barred by the statute of limitations. When this demurrer was overruled the defendant perfected the instant appeal wherein it now contends the propriety of that ruling is the sole issue involved on appellate review.

It may be conceded, as appellant points out, that a pleading which shows on its face the cause of action relied on is barred by the statute of limitations (G. S. 1949, 60-306, *Third*) is demurrable on the ground it fails to state a cause of action. Many of our decisions so hold. See, e. g., *Bradley v. Hall,* 165 Kan. 358, 194 P. 2d 943; *Pease v. Snyder,* 172 Kan. 257, 240 P. 2d 134, and numerous decisions cited in Hatcher's Kansas Digest [Rev. Ed.], Limitation of Actions, § 189; West's Kansas Digest, Limitation of Actions, §§ 180, 182. On the other hand it is well to remember the rule is just as well established that unless a petition shows that fact affirmatively no demurrer lies and the bar of the statute must be pleaded to be available as a defense. See *American Glycerin Co. v. Freeburne,* 157 Kan. 22, 138 P. 2d 468; *Lorey v. Cox,* 175 Kan. 66, 259 P. 2d 194, and numerous other decisions listed in sections 180, 182 of West's Kansas Digest, and section 188 of Hatcher's Kansas Digest [Rev. Ed.], under the title of "Limitation of Actions."

However with direct reference to the instant pleading, which as has been previously noted was not subjected to attack prior to the filing of the demurrer, it must also be kept in mind that under the universal rule of construction referred to in *Stuckey v. Shultz,* 173 Kan. 343, 245 P. 2d 1197, and other decisions to be found in Hatcher's Kansas Digest [Rev. Ed.], Pleading, §§ 35, 37, also West's Kansas Digest, Pleading, §§ 26, 34 (1), (3), its allegations must be liberally construed in favor of the pleader and given the benefit of all reasonable inferences.

Having established the principles applicable in determining whether the petition states, or fails to state, a cause of action we turn to our decisions for the purpose of determining the conditions and circumstances under which plaintiffs may maintain a cause of action for injunctive relief in cases where a public agency has constructed a highway in such a manner as to result in flooding the lands of adjacent property owners. There we find *Murphy v. Fairmount Township,* 89 Kan. 760, 133 Pac. 169, subsequently cited and adhered to

in *Scott v. Glenwood Township,* 105 Kan. 603, 604, 185 Pac. 731, which holds:

"The commissioners of highways are vested with power to exercise their judgment and discretion in planning and constructing a culvert. But when such culvert has been constructed with an opening so insufficient that surface water is thrown back upon the land of an abutting owner to his repeated damage, rendering the structure a continuing nuisance, it is the duty of such commissioners, upon proper notice and demand, to abate the same by remedying the defect, and upon failure they will be required so to do by judicial action." (Syl.)

Also *Kansas City v. Frohwerk,* 10 Kan. App. 120, 62 Pac. 432, recently cited and reapproved in *Henderson v. Talbott,* 175 Kan. 615, 623, 266 P. 2d 273, where it is held:

"Where a city so grades, paves, curbs and gutters its streets as to collect the surface-water from a large area and discharge it upon the property of one of its property holders, through a failure to provide suitable outlets for said water, the city has a legal right and it is its legal duty to terminate the cause of injury, and the damage thereby caused is a continuing damage." (Syl. ¶ 1.)

And in the opinion, in distinguishing *Parker v. City of Atchison,* 58 Kan. 29, 48 Pac. 631, relied on by appellant as sustaining its position the cause of action set forth in the petition now under consideration was barred by the statute of limitations, said:

". . . We think the distinguishing principle in these cases is suggested in the brief of the defendant in error, that in order to charge one as a continuing wrongdoer he must have a legal right and be under a legal duty to terminate the cause of injury. . . ." (p. 123.)

Turning to the petition we have no difficulty in concluding it contained allegations which, if given the benefit of the inferences to which it is entitled, bring it squarely within the scope of the rule enunciated in the two decisions from which we have just quoted. Under such circumstances it cannot be said it affirmatively appears from the face of the petition that the cause of action therein pleaded was barred by the statute of limitations. This is so, we may add, regardless whether appellee can support the facts pleaded by the degree of proof required to sustain his cause of action or the appellant plead and establish the defense on which it now relies as the foundation for its demurrer. Therefore we are constrained to hold the trial court did not err in overruling the demurrer to the petition.

In reaching the conclusion just announced we have rejected not overlooked, strenuous contentions advanced by appellant to the

effect that if this were a case where appellee was entitled to recover damages, and he was basing his right to relief on that premise his cause of action, under the confronting facts and circumstances as pleaded, would be barred by the statute of limitations. We are not disposed to here dwell at length on the arguments advanced in support of contentions on this point. It suffices to say that in our opinion they are effectively answered by what is said and held in the very recent decision of *Henderson v. Talbott*, 175 Kan. 615, 266 P. 2d 273, particularly pages 620 to 624, incl., of the opinion, handed down by this court on January 23, 1954, approximately one month after the filing of appellant's excellent brief in the case at bar. In all fairness to counsel preparing and filing that document it should perhaps be stated, that on the basis of the logical arguments therein advanced, we are convinced appellate review of the instant ruling would not have been necessary if the decision in *Henderson v. Talbott*, supra, had been available at that time.

The judgment is affirmed.