State, *ex rel.*, v. Cruzan.

No. 26,573.

THE STATE OF KANSAS, ex rel., *Appellee*, v. EVA E. CRUZAN et al., Trustees of Labette County Community High School, and D. L. KATTERJOHN, *Appellants*.

SYLLABUS BY THE COURT.

1. SCHOOLS—*Community High Schools—Transportation of Pupils—Authority.* The board of trustees of a community high school does not have authority to buy busses to transport pupils to the school nor to pay the expense of such transportation.

2. INJUNCTIONS—*Erroneous Restraining Order—Effect on Later Injunction.* An order granting a temporary injunction will not be reversed for error in granting a restraining order which ceased to be effective when the temporary injunction was granted.

3. SAME—*Order—Sufficiency of Recital of Reason.* The temporary injunction order complied with section 60-1106 of the Revised Statutes by reciting the reasons for its issuance.

4. SAME—*Application—Evidence—Sufficiency.* There was sufficient application for a temporary injunction, and there was evidence sufficient to warrant granting such an injunction.

5. SAME—*Who May Maintain Action—Public Officers.* The state on the relation of the county attorney of the proper county may maintain an action to enjoin the board of trustees of a community high school from using the school's money to purchase busses in which to transport pupils to the school or to pay the cost of such transportation.

Appeal from Labette district court; WILLIAM D. ATKINSON, judge. Opinion filed February 6, 1926. Affirmed.

*Elmer C. Clark,* of Oswego, and *E. L. Burton,* of Parsons, for the appellants.

*Payne H. Ratner,* county attorney, *Elmer W. Columbia,* of Oswego, and *A. D. Neale,* of Chetopa, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The action is one to enjoin the defendants from using the money of the Labette county community high school to buy busses to be used in the transportation of pupils from their homes to the school, and from using such money to pay for the transportation of those pupils. The defendants appeal from an order granting a temporary injunction against them.

1. The state contends that there is no statutory authority for those acts of the defendants of which complaint is made. The de-

Appeal and Error, 4 C. J. p. 670 n. 92. Injunctions, 32 C. J. pp. 29 n. 3, 251 n. 3, 295 n. 17, 351 n. 83. Schools and School Districts, 35 Cyc. p. 970 n. 67.

fendants do not cite any direct statute giving such authority, but say:

"In this case to ascertain what authority the board of trustees had to purchase and operate these busses, we must turn to the law creating 'The Labette county high school' at Altamont, which is found in the Session Laws of 1893, chapter 140. Section 2 of that act provides:

" 'Sec. 2. The duties of said board of trustees shall, in all respects, be those of the board appointed in accordance with the provisions of said chapter.' (Chapter 147, Laws 1886.)

" 'Sec. 3. Said high school shall, after its establishment, be managed in accordance with the laws now existing, or hereafter to be enacted, relating to county high schools in the state of Kansas.'

"The Laws of 1886, chapter 147, as amended by the Laws of 1915, chapter 316, reads as follows, and is found at section 72-2601, R. S. 1923:

" 'That each county having a population of two thousand inhabitants or more as shown by the last state or federal census, may establish a county high school on the *conditions* and in a manner hereinafter prescribed, *for the purpose of affording better educational facilities for pupils more advanced than those attending district schools*, and for persons who desire to fit themselves for the vocation of teaching.'

"The Laws of 1886, chapter 147, as amended by the Laws of 1909, chapter 211, reads as follows, and is found at section 72-2606, R. S. 1923:

" 'That the board of trustees of any county high school in the state of Kansas shall at its first meeting, and annually thereafter before the first day of August of each succeeding year, make an estimate of the amount of funds needed for building purposes, for the payment of teachers wages, for contingent purposes, and all other educational purposes connected with said high school, and having made such estimate shall make an annual levy sufficient to raise the amount desired for such purpose.'

"Section 72-2502, R. S. 1923, provides as follows:

" 'The powers and duties of the community high school in every instance shall be the powers and duties belonging to the county high school which it succeeds, except as hereinafter provided.' "

No authority for the transportation of pupils is given in any of the statutes quoted.

Section 72-601 of the Revised Statutes should be noticed. That section reads:

"The district board of any school district may provide for the comfortable transportation, in a safe and enclosed conveyance or conveyances, properly heated, of pupils of said school districts who live two or more miles, by the usually traveled road, from the school attended; and said district board shall provide such transportation for pupils who live three or more miles, by the usually traveled road, from the school attended; or, in lieu thereof, said board shall allow, as compensation for the conveyance of pupils to and from the school to the parent or guardian of any pupils living three or more miles from the school attended, a sum not less than fifteen cents per day: *Provided further,* That where the pupils of two or more families are conveyed by the same

conveyance the parents or guardian of each family shall be entitled to such compensation as provided for by this act; and shall allow to the parent or guardian of any pupils living five or more miles from the school attended the sum of twenty-five cents per day, for as many days in each year as the school shall be in session: *Provided,* That no such compensation shall be allowed unless the pupils are actually conveyed to and from school. The district board shall have authority to make such rules and regulations as may be necessary for carrying out the provisions of this act."

The opening statement of this statute indicates that it applies to common-school districts only. The Labette county high-school district was not a common-school district. The Labette county high school had a board of trustees, not a district board. District boards are the governing bodies of common schools. The governing bodies of community high schools are boards of trustees. Sections 72-601, 72-602, 72-3601, 72-3602, and 72-5008 of the Revised Statutes provide for the transportation of pupils under circumstances not applicable to the present situations. None of these statutes give to boards of trustees of community high schools authority to transport pupils to the schools. No such authority is given by statute, and the power cannot be legally exercised.

2. Complaint is made that the restraining order, granted before the temporary injunction was issued, was without authority of law. The restraining order was in writing and was signed by the judge. It was effective until the further order of the court and commanded the defendants to appear on May 25, 1925, to show cause why a temporary injunction should not be granted. Copies of it, made by the clerk of the district court, were served on the defendants. The summons had indorsed on it the following:

"Wherefore, plaintiff prays that the above defendants and each and all of them be perpetually enjoined from operating said busses or permitting said busses to be operated, from appropriating or using public moneys to make further payment for said busses or the operation expenses of said busses; (Restraining order issued.)"

The application for a temporary injunction was heard on May 25, 1925, and the temporary injunction was afterward granted. When the temporary injunction was granted, the restraining order had accomplished its purpose and thereafter was not effective. Besides, the appeal is not from the order granting the restraining order, but is from the order granting the temporary injunction. This complaint is not good.

3. The second complaint is that "the order does not set forth the

reasons for the allowance thereof." This must refer to the injunction order. To support their contention the defendants cite section 60-1106 of the Revised Statutes, which in part reads:

"That every order of injunction or restraining order shall set forth the reasons for the issuance of the same, shall be specific in terms, and shall describe in reasonable detail, and not by reference to the petition, motion or other document, the act or acts sought to be restrained."

The following is the judgment and order of the court granting a temporary injunction:

"The court having on May 25, 1925, heard the application for a temporary injunction, and having then taken the matter under advisement and directed counsel for the respective parties to submit briefs, the court being now fully advised in the premises, from the evidence finds, that since September, 1924, to the time of the issuance of the restraining order herein, May 15, 1925, defendants operated busses over its district to transport students to and from the community high school, the purpose being to give to those of school age and otherwise qualified, living within the school district, an opportunity to attend the community high school and be under the parental roof and care nights, without tuition charge, and at the same time enlarge the school attendance and save to the community high-school district the amount of tuition charge, eight dollars per month, which would otherwise be paid by the community high-school district from moneys derived from taxation to other high-school districts where such students elected to attend. The court from the evidence finds, that the community high school provides an excellent course of study, including plant growth and agriculture, and is well conducted; that the use of busses by it places a high-school education within the reach of students who most likely would not, or could not otherwise obtain a high-school education. The court from the evidence further finds, that approximately $7,600 of the money of the community high-school district, derived from taxation, had been within the past school year applied and used in the purchase of busses and in their operation prior to June 15, 1925, and that on said date, and at the time of issuing and serving the restraining order on defendants, five busses then owned by the community high school were being so operated.

"The court finds, there is no legislative enactment authorizing the use of funds derived from taxation to purchase, maintain and operate busses to transport students to and from community high schools. The court further finds, that to use money derived from taxation for that purpose, unauthorized by legislative enactment, is in contravention of section 4, of article 11, of the constitution of the state of Kansas, which reads:

" 'No tax shall be levied except in pursuance of a law, which shall distinctly state the object of the same; to which object only such tax shall be applied.'

"Defendants and each of them are hereby enjoined from applying or using money of the community high-school district, derived from taxation, for the purchase or operation of busses, until the final hearing of this case, or the further order of the court or the judge thereof."

The temporary injunction order complied with section 60-1106 of the Revised Statutes.

4. It is argued that there was not a sufficient application for a temporary injunction and that the order granting it was not supported by competent evidence. This is directed to the sufficiency of the petition and of the evidence tending to support it. The petition, among other things, alleged:

"That shortly after the commencement of the school year in 1924 the above defendants purchased five busses with public money for the purpose of hauling students to Altamont, Kan., to attend said Labette county community high school, said high school being located at said place; . . . that said board of trustees and the defendant, D. L. Katterjohn, their principal, acting with their authority, have expended large sums of money, the amount of which is unknown to plaintiff, but well known to defendants, unlawfully, and have misappropriated moneys levied in taxes for the support and maintenance of said high school for the unlawful purpose of operating busses for the transportation of pupils to and from said high school; . . . that said board of trustees of the Labette county community high school and the defendant, D. L. Katterjohn, are operating said busses and using the public moneys for said purposes unlawfully and will continue to do so unless enjoined by the above court."

There was ample evidence to sustain those allegations.

The defendants argue that all of the allegations of the petition are directed to past occurrences and not to future acts. That is not a correct interpretation of the petition. Past wrongful acts are alleged, and then the petition alleges that the defendants will continue in the future to perform the same acts unless enjoined. The petition alleged future contemplated acts sufficient to warrant granting a temporary injunction.

5. The last contention of the defendants is that "the state of Kansas has no special interest in the subject matter of the controversy and has no right under the law to maintain this action." Under the allegations of the petition, all of the defendants except Katterjohn are trustees of the Labette county community high school. Katterjohn is principal of that school. The Labette county community high school is a creature of the state. The defendants, except Katterjohn, are its managing officers. The state has power to compel the defendants to confine their activities to those prescribed by law. (*State, ex rel., v. Comm'rs of Marion Co.*, 21 Kan. 419; *State, ex rel., v. Eggleston*, 34 Kan. 714, 723, 10 Pac. 3; *State v. Kansas City*, 60 Kan. 518, 57 Pac. 118; *Sedgwick County v. The State*, 66 Kan. 634, 637, 72 Pac. 284; *State v. Lawrence*, 80 Kan. 707,

103 Pac. 839; *State v. Dolley,* 82 Kan. 533, 536, 108 Pac. 846; *State v. Prather,* 84 Kan. 169, 176, 112 Pac. 829; *State, ex rel., v. Doane,* 98 Kan. 435, 441, 158 Pac. 38; and *State, ex rel., v. McPherson County,* 107 Kan. 144, 146, 190 Pac. 594.)

The judgment is affirmed.