No. 29,984.

Conrad H. Woelk, *Appellee*, v. Consolidated School District No. 1, of Stafford County, et al., *Appellants*.

(299 Pac. 648.)

Opinion filed June 6, 1931.

R. C. Russell, of Great Bend, for the appellants.

Robert Garvin, Evart Garvin and Morris Garvin, all of St. John, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one to compel the school district to transport plaintiff's child to and from school. Plaintiff prevailed, and defendants appeal.

Plaintiff resides outside the consolidated district and three and three-quarter miles from the schoolhouse in the consolidated district. The schoolhouse in the district in which plaintiff resides is farther from plaintiff's residence than the schoolhouse in the consolidated district, and it is more convenient for plaintiff to send his child to school in the consolidated district. Plaintiff owns land in the consolidated district. The statute reads as follows:

"The children of any property owner owning land in any adjoining school district, other than in towns and incorporated cities, may have the privilege of attending school in such adjoining district without extra expense and tuition, when such school is more convenient by reason of distance from the school of the district in which they live." (R. S. 72-702.)

The consolidated district makes provision for transporting children to and from school pursuant to R. S. 72-602, which reads:

"The district board of consolidated school districts shall provide for the comfortable transportation of the pupils of said district who live two or more miles from the schoolhouse by the usually traveled road, in a safe and inclosed conveyance or conveyances, . . . *Provided*, That said district board may establish regular routes for the transportation of such pupils."

A regular transportation route has been established, and a bus stops at the John Phillips residence to receive and discharge transported pupils. Plaintiff resides about half a mile from the Phillips place and desired transportation for his child from that point to the schoolhouse and return. The district court made an order accordingly.

The school district contends there is no connection between the two statutes which have been quoted, and contends the statute relating to transportation of pupils must be strictly construed—"pupils of said district." The statutes are social welfare statutes in a field of great public concern—the common-school education of the children of the state—and the statutes are to be construed together, and liberally construed.

The statutory conditions which permit plaintiff to send his child to the consolidated school are fulfilled, and the child is, in contemplation of the law, a pupil of the district residing outside the district, and is entitled to attend school in the district without tuition and without expense. This being true, the conditions entitling the pupil to transportation within the district are also fulfilled.

Some defenses were made which require only a word. There was testimony the busses were overcrowded; but the district board was willing to transport plaintiff's child as long as plaintiff paid for the transportation. There was testimony there are other children living outside the district who may be entitled to transportation if plaintiff's child is transported, and the district may be obliged to get another bus. Perhaps so, and if so the parents of the children pay taxes on land within the district to meet their share of the expense.

The judgment of the district court is affirmed.