No. 33,059

MARTHA SCOVILL, *Appellee*, v. (ADDIE SCOVILL) GRANT BURTON, *Appellant.*

No. 33,060

DORA SCOVILL RYAN, *Appellee*, v. (ADDIE SCOVILL and MARTHA SCOVILL) GRANT BURTON, *Appellant.*

(62 P. 2d 852)

Opinion filed December 12, 1936.

*E. C. Wilcox, J. Howard Wilcox* and *Myrtle Youngberg,* all of Anthony, for the appellant.

*Harry B. Davis,* of Anthony, *Clark A. Wallace* and *Paul R. Wunsch,* both of Kingman, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in each of these two cases was taken by the defendant, Grant Burton, from an order of the district court overruling his separate demurrers to the petitions of the plaintiffs. These separate actions were commenced by two sisters against their mother and her bondsman, Grant Burton, to recover on the bond

given by their mother, as trustee appointed by the court for these two children, then minors, each for one half of the liberty bonds and war savings stamps, amounting to $1,600, placed in her hands for their benefit.

Each petition alleges the violation of the terms and conditions of the order of the court and of the surety bond and without first obtaining an order of the court, and thus breaching the order of court and the terms of the surety bond by the fraudulent use and disposition of such bonds and savings stamps and the proceeds thereof.

The appellant urges three grounds in support of his demurrers:

"1. Application of the statute of limitations.

"2. May one of the beneficiaries maintain the action without the other being made a party?

"3. The petition does not show a violation of the court's order."

We shall first consider the last-mentioned ground. Attached to each of the petitions is a copy of the order of the court appointing the mother of the plaintiffs as trustee to hold such bonds and stamps in trust for these two children, which order required her to give a bond for the faithful performance of said trust. This decree was in a divorce action in which the mother was the plaintiff. The portion of the order to which special attention is directed in connection with this ground of the demurrers is as follows:

". . . that the receiver herein collect the assets of said estate in money, that are not already collected, except the liberty bonds and war saving stamps; that said liberty bonds of the value of fifteen hundred dollars and said war saving stamps of the par value of one hundred dollars are ordered to be placed in the hands of said plaintiff as trustee for said minor children, which trustee shall execute a bond in the sum of sixteen hundred dollars conditioned that she will faithfully perform said trust and hold said bonds subject to the further order of said court in trust for said children."

Appellant urges that the petitions do not state a cause of action in favor of these plaintiffs and against a gratuitous bondsman, without pleading the making of a "further order of said court" and setting forth the same, because even a breach of the conditions of the trust by the misuse of the bonds and stamps would not be a sufficient basis for compelling the bondsman to pay the value of the bonds and stamps to these plaintiffs or to pay them anything whatever without a further order of the court. In fact, the petitions allege, as above stated, that no further order was made.

A copy of the bond given by the mother and Grant Burton is also attached to each of the two petitions. It recites the action of the

court in the divorce suit in appointing the mother trustee for the two daughters, naming them, "to, hold for them until the further order of said court" the bonds and stamps, and that she be required to give bond in the sum of $1,600 to be approved by the clerk of said court. The last paragraph of said bond is as follows:

"Now, therefore, we, Addie Scovill as principal and Grant Burton as surety, are firmly bound unto the state of Kansas in the sum of sixteen hundred ($1,600) dollars, that the said Addie Scovill will perform the conditions of said decree."

Every provision of a decree or a bond must be given appropriate consideration in connection with all the other provisions of such instruments. It is seldom that a requirement of such decree or bond can be ignored or eliminated therefrom and such decree or bond be enforced as if no such provision were contained therein.

The plaintiffs in these cases base their claims to this fund apparently upon the fact that they have both become of age and the trust has been breached by the alleged misuse and disposal of the bonds and stamps. Even if this might be sufficient to justify an action against the trustee, as was passed upon and allowed in the case of *Ryan v. Scovill*, 140 Kan. 588, 37 P. 2d 1007, where this question was not definitely raised in this court, it surely cannot be overlooked or ignored when urged on behalf of the gratuitous bondsman, the appellant in these cases, who is shown by the record to have been a brother of the trustee.

In the case of *Lumber Co. v. Douglas*, 89 Kan. 308, 131 Pac. 563, a wide distinction is made and allowed between a bonding company, which solicits the privilege of furnishing indemnity bonds and signs them for profit, and an individual surety who voluntarily and gratuitously undertakes to answer for the obligations of another.

In *Burton v. Decker*, 54 Kan. 608, 38 Pac. 783, it was held:

"The doctrine that a surety is a favorite of the law, and has a right to stand upon the precise terms of his obligation, as announced in *Henrie v. Buck,* 39 Kan. 381, applied and approved." (Syl. ¶ 1.)

In 21 R. C. L. 1160 it is said:

". . . the contract of an individual surety, or a 'voluntary surety' as he is spoken of in some cases, will be strictly construed and all doubts and technicalities resolved in favor of the surety, such person being regarded as a favorite of the law."

In 50 C. J. 78 it is said:

"The construction of the contract is a matter of law for the court, . . ."
"A gratuitous surety is a favorite of the law, and the contract must be

strictly construed to impose on the surety only the burdens clearly within the terms of such contract, so that it cannot be extended by implication, presumption or construction."

We think the third point urged by the defendant Burton in support of his demurrers to these two petitions is good, and that the petitions fail to state a cause of action against him as an individual and gratuitous surety on the bond of the trustee, when the trustee was required to faithfully perform the trust and hold the property "subject to the further order of said court," when the pleadings show no such further order has ever been made.

We deem it unnecessary to discuss or consider the other grounds presented in support of the demurrers. The demurrers to both petitions should be sustained on this one ground.

There is an additional matter involved in the first case above named, that is, to reinstate the appeal which had been dismissed October 16, 1936, as it now appears through a misunderstanding of the appellant as to when a hearing on the motion to dismiss would be had. Because of such misunderstanding we now reinstate the appeal and reconsider the motion to dismiss.

This motion assigns as a reason for dismissal of the appeal that it had become moot on account of the action of the appellant by way of continuing in the litigation in the trial court after the ruling on the demurrer to plaintiff's petition, from which ruling he appealed, and because of the filing of an amended petition by the plaintiff which the appellant moved to strike from the files. Subsequent steps may be taken in the trial court which in some cases may render the appeal moot, but in this case as to the motion to strike the amended petition from the files, the order of the trial court, a copy of which is attached to the motion to dismiss, shows that in addition to the motion to strike the amended petition from the files, there was an alternative motion to grant the defendant permission to defer pleading to the amended petition until after the ruling by the supreme court on the appeal taken. This motion was overruled on both grounds on June 15, 1936, and a stay of proceedings in the district court was granted by this court on July 13, 1936. The motion to dismiss also states that after the demurrer to the petition had been overruled the defendant filed an answer, and later the plaintiff filed an amended petition, both before the notice of appeal had been served. The filing of the motion to strike the amended petition from the files, having coupled with it the request to defer

further proceeding until the hearing on the appeal, was all equivalent to a request for delay during the pendency of the appeal and certainly did not render the appeal moot.

The filing of an answer by defendant and an amended petition by the plaintiff go further along the line urged by the appellee than do the other movements. There are cases where certain actions taken by the defendant in the case, after the ruling from which he appeals, will prevent him from availing himself of the benefit of a reversal of a prior ruling, but a defendant must not be required to abstain from protecting his rights in a reasonable way in order to test out a ruling in a preliminary part of the proceedings.

"When a litigant has determined to bring an intermediate appealable order of the district court to the supreme court for review, he commits no impropriety and loses no rights by suggesting to the district court the advisability of continuing the cause in the trial court until the supreme court determines the question presented by the appeal." (*Leslie v. Manufacturing Co.*, 102 Kan. 159, syl. ¶ 5, 169 Pac. 193.)

The appellee insists that the appellant abandoned his right to appeal from the adverse ruling on his demurrer to the petition when he answered, but it seems from the authorities and decisions that in order to constitute an abandonment his attitude must be inconsistent with that which he maintained in support of his demurrer. No inconsistency is apparent in the appellant's attitude in these two steps in this case. In his demurrer he urged that the petition, as a matter of law, did not state facts sufficient to constitute a cause of action. The trial court held otherwise. He then answered the petition, denying the matters of fact set up in the petition. These are by no means inconsistent positions. Several Kansas cases are cited in addition to the Leslie case which bear upon this subject particularly: *Wright v. Bacheller*, 16 Kan. 259; *U. P. Rly. Co. v. Estes*, 37 Kan. 229, 15 Pac. 157; *Blackwood v. Shaffer*, 44 Kan. 273, 24 Pac. 423; *Bartholomew v. Guthrie*, 71 Kan. 705, 81 Pac. 491; *Miles v. Hamilton*, 106 Kan. 804, 189 Pac. 926; *Bringle v. Gale Township*, 127 Kan. 115, 272 Pac. 126; *First National Bank v. Smith*, 143 Kan. 369, 55 P. 2d 420; and *Hicks v. Parker*, 143 Kan. 763, 57 P. 2d 413.

In the Blackwood case the court sustained the demurrer of the plaintiff to the third ground of the defendant's answer, and afterwards the case was tried on the petition and the remainder of the answer, and the defendant appealed from the ruling as to his third defense. The appeal was not sustained, mainly because it was taken too late, but the court, in discussing the matter, said the order sus-

taining the demurrer was not involved in the judgment rendered, and further added, "If the demurrer had been overruled a different rule would apply."

In the case *Rosa v. M. K. & T. Rly. Co.*, 18 Kan. 124, where the court sustained a demurrer to the petition on the ground that it did not state facts sufficient to constitute a cause of action and the plaintiff afterwards filed an amended petition, it was held that he thereby waived any error of the court that may have been committed in sustaining the demurrer.

In 3 C. J. 668 it is said:

"Although there are decisions to the contrary in some jurisdictions, the general rule is that a defendant, by answering over after his demurrer to the bill, declaration, or complaint has been overruled . . . is considered as having acquiesced in the decision and cannot afterward maintain an appeal or proceeding in error to review the same or to assign the ruling as error on appeal or error from the final judgment, except where the pleading fails to state a cause of action or defense."

In 2 Am. Jur., Appeal and Error, section 208, it is stated:

"The general rule is that a party, by pleading over after his demurrer is overruled, waives his right to institute appeal or error proceedings from such order or to have such order reviewed on appeal from the final judgment. There are some well-recognized exceptions to the rule, however, one of which is error in overruling a demurrer to a complaint which does not state a cause of action, and the other, error in overruling a demurrer for want of jurisdiction of the action."

The demurrer of the plaintiff in this first case went to the question of the petition failing to state a cause of action, and under the above authorities we have no hesitancy in holding that the pleading over did not deprive the appellant of his right of appeal on the alleged error in the ruling on the demurrer, and such action was not inconsistent with the appellant's action in connection with the demurrer, and therefore the motion to dismiss the appeal in the first case here under consideration should be overruled.

Judgment is reversed with direction that the demurrers to both petitions be sustained on the ground that the petitions did not allege that a further order of the court had been made with respect to the property held in trust by the trustee.