No. 35,014

RAY CAROTHERS, S. E. NOLL and G. M. LINCOLN, *Appellees*, v. THE BOARD OF EDUCATION OF THE CITY OF FLORENCE, and JAMES RECTOR, CHARLES LARKINS, JOHN HOPPING, R. A. ENGERS, JOHN SLIFER and C. D. KENT, as Members of Said Board, *Appellants*.

(109 P. 2d 63)

Opinion filed January 25, 1941.

*Edward H. Rees* and *Everett E. Steerman*, both of Emporia, for the appellants.

*W. H. Carpenter,* of Marion, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This action was brought by resident taxpayers of a school district against the school district board of a consolidated

school district to enjoin it from using a bus purchased and operated by money raised by taxation to transport pupils "to towns and cities a long distance from the territory comprising" the school district, alleging that such use was unauthorized by law. It was further alleged that the bus now in use was recently purchased at a cost of $2,000, and that it took the place of an older bus worn out in part by the taking of such unauthorized trips. Defendants' demurrer to plaintiffs' petition was overruled, and they have appealed.

Appellees move to dismiss the appeal for the reason that after their demurrer was overruled defendants filed an answer, to which plaintiffs filed a reply. On behalf of appellees it is argued that defendants thereby waived their right to appeal from the order overruling their demurrer. Our statute (G. S. 1935, 60-3302) makes "An order . . . that sustains or overrules a demurrer" an appealable order. As is true with all appealable orders, a party against whom it is made may waive his right to appeal by subsequent procedure in the action inconsistent with the position taken by him which resulted in the order from which he seeks to appeal, or which shows clearly that he concedes the correctness of the court's position in the order made. Respecting the general rule that one who pleads over waives his right to appeal, there is an exception to this effect: If the contention is that the petition does not state facts sufficient to constitute a cause of action, or that it discloses the court does not have jurisdiction, the filing of the answer does not waive the right of appeal. (See Phillips on Code Pleading, § 306; *Scovill v. Scovill*, 144 Kan. 759, 763, 62 P. 2d 852, and authorities there cited.) These exceptions are for the reason that a judgment should not be entered upon a petition which does not state a cause of action; neither should a judgment be rendered in a case in which the court has no jurisdiction. When a party demurs to a pleading and the demurrer is overruled and he pleads over, whether he has waived his right to appeal may depend upon whether or not his plea over is contradictory to the position taken by him on his demurrer. (*Scovill v. Scovill,* supra.) Here the answer filed by defendants admitted they had used the bus for trips outside of the district aggregating 242 miles and had used 24 gallons of gas in making such trips, but contended such use was authorized. So, upon the principal point in controversy, the answer is a confession, in part at least, of the principal charge of the petition, and defendants seek to avoid the injunction by the contention they had the legal right to do so. It therefore

raises the same legal question presented by the demurrer to the petition. The appeal, therefore, should not be dismissed.

The authority of the defendants to purchase and use the bus must be found in the statutes. (*State, ex rel., v. Cruzan,* 120 Kan. 316, 243 Pac. 329; *State, ex rel., v. Bunton,* 141 Kan. 103, 40 P. 2d 326.) Our pertinent statute reads:

"The district board of consolidated school districts shall provide for the comfortable transportation of the pupils of said district, who live two or more miles from the schoolhouse by the usually traveled road, in a safe and enclosed conveyance or conveyances," or in lieu thereof make certain payments for transportation, "and shall establish such rules and regulations as may be necessary for carrying out the provisions of this section: *Provided,* That said district board may establish regular routes for the transportation of such pupils." (G. S. 1935, 72-602.)

G. S. 1935, 72-603, makes a provision respecting pupils living in out-of-the-way places, and G. S. 1935, 72-604, provides for the transportation of pupils to another district where the school board has a contract with such other school district. But there is nothing in the petition or in the answer which makes either of these sections applicable.

Appellants discuss the doctrine of implied authority, citing *Gilbert v. Craddock,* 67 Kan. 346, 72 Pac. 869; *Woodson v. School District,* 127 Kan. 651, 274 Pac. 728; *Foster v. Board of Education,* 131 Kan. 160, 289 Pac. 959; *Woelk v. Consolidated School District,* 133 Kan. 346, 299 Pac. 648; and *State Tax Comm. v. Board of Education,* 146 Kan. 722, 73 P. 2d 49. We think these cases are not in point. There is nothing in the petition on which to base the doctrine of implied authority ruled upon in the cases cited.

Appellants argue, also, that plaintiffs have no standing to maintain the action. The point is not well taken. (G. S. 1935, 60-1121; *Darby v. Otterman,* 122 Kan. 603, 252 Pac. 903; *Jackson v. Joint Consolidated School District,* 123 Kan. 325, 328, 255 Pac. 87.)

There was no error in the trial court's ruling. Its judgment is affirmed.