No. 36,224

DAVID A. STULL, *Appellee*, v. BUDDY B. ALLEN, *Appellant*.

(154 P. 2d 478)

Opinion filed December 9, 1944.

*William Keith*, of Wichita, was on the briefs for the appellant.

*Joe T. Rogers* and *Roy L. Rogers*, both of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This is an appeal from a judgment in an action for forcible detention of leased premises and for the recovery of past due rent.

The pertinent facts were these: The Dockum Drug Company owned a small property suitable for a shoe shop in Wichita. The company leased it to David A. Stull, who in turn sublet it to Buddy B. Allen at a rental of $18 per month. Allen fell into arrears in his rental payments, and in June, 1943, Stull served on Allen a notice to quit and surrender possession within three days unless the rent was paid. This notice was ignored and Stull brought an action for unlawful detainer. Judgment by default in favor of Stull was entered in the city court of Wichita. Allen appealed to the district court, where on January 24, 1944, apparently for some procedural defect, the judgment of the city court was set aside and the action dismissed.

Promptly thereafter, the action presently under review was begun. On February 1, 1944, plaintiff Stull served on defendant Allen a notice to quit and deliver up the leased premises within three days for nonpayment of rent, which was then in arrears to the amount of $162. The notice also stated that unless the arrears of rent were paid within three days an action for unlawful detainer would be instituted. This motion was disregarded and on February 7, 1944, plaintiff filed his bill of particulars in the city court alleging the pertinent facts.

Whether defendant filed an answering bill of particulars cannot be discerned from the abstract or the briefs, but the facts of the earlier abortive action were laid before the court; and on defendant's behalf it was contended that the notice to terminate the tenancy which was served on defendant in June, 1943, was sufficient to effectuate a complete termination of the tenancy, although such notice was merely one of the preliminary procedural steps in the abortive action which was dismissed on order of the district court on January 24, 1944.

In the present action some documentary evidence was adduced and both plaintiff and defendant gave testimony. The trial court rendered judgment for plaintiff for the arrears of rent and for restitution of the premises.

Defendant appeals, assigning various errors, but the main question he presents for our review is whether the relation of landlord and tenant existed after the service of notice on defendant on June 5, 1943, to quit and deliver the premises within three days. Defendant argues that such notice severed the prior relationship of landlord and tenant, and that there was no renewal of that relationship. He also argues that because of that notice defendant was justified in repudiating all obligation as tenant. That is to say, the notice of June 5, 1943, was of sufficient potency to terminate the tenancy but quite insufficient to serve as a basis for getting rid of the tenant! We regard that argument as altogether too subtle. (*Godfrey v. Kansas City Public Ser. Co.*, 149 Kan. 592, 595, 88 P. 2d 1037.) Common sense as well as common justice requires us to hold that the abortive proceedings which culminated in their dismissal by the district court in January, 1944, were of no consequence in the subsequent action begun on February 1, 1944; and as no procedural misstep is indicated in the record of the present action nor in the judgment in favor of plaintiff, that judgment must be affirmed. (See G. S. 1935, 67-520.) It is so ordered.