No. 37,151

DAVID A. STULL, *Appellee,* v. BUDDY B. ALLEN and ROY L. FREY, *Appellants.*

(293 P. 2d 207)

Opinion filed May 8, 1948.

*William Keith,* of Wichita, was on the brief for the appellants.

No appearance was made for the appellee.

The opinion of the court was delivered by

HOCH, J.: Appellants, principal and surety on a supersedeas bond, challenge the validity of a judgment entered against them upon plaintiff's motion for judgment against the surety.

It may be noted at the outset that we have only an abstract and brief by appellants, no counter abstract or brief having been filed by the appellee.

Some time in 1944, Stull, the appellee here, brought action in the city court of Wichita to recover possession of premises occupied as a shoe shop by Allen, one of the appellants here, and for $162 for rent then in arrears. Appeal was taken to the district court and an appeal bond given, the condition of which was:

". . . if, upon further trial of said cause, judgment be rendered against said appellant, he shall pay to said David Stull, double the value of the use and occupancy of said property from the date of this undertaking, *to be determined by the court* (italics supplied), and all damages and costs that may be awarded against said Buddy B. Allen . . ."

Upon trial in the district court, judgment was entered in favor of Stull for possession of the property and for $162 for rent and for costs of the action. There was no finding as to the value of the

use and occupancy of the property other than might be implied in the amount of the judgment, and no judgment was entered against Allen for double the value of the use and occupancy of the property.

Allen appealed to this court and gave a supersedeas bond with Frey as surety which provided as follows:

"The condition of the foregoing obligation is such that, whereas on the 6th day of May, 1944, judgment was rendered in favor of said obligee, plaintiff in said cause, and against Buddy B. Allen, the principal obligor, defendant in said cause, for the sum of $162.00 and costs, and for the restitution of the premises involved in said action.

"And, whereas, said defendant has taken an appeal from said judgment to The Supreme Court of Kansas.

"Now, therefore, if the said principal obligor shall pay to the said obligee the condemnation money and costs, and that during the possession of said property, by said appellant by virtue of said appeal, he shall not commit or suffer to be committed any waste thereon, and if said judgment be affirmed he shall pay *the value of the use and occupation of said property from the date hereof, until the delivery of possession pursuant to said judgment,* and all costs, in case said judgment shall be adjudged against him, or affirmed in whole or in part, then this obligation shall be void . . ." (Italics supplied.)

The judgment of the district court was affirmed upon appeal (*Stull v. Allen,* 159 Kan. 288, 154 P. 2d 478). Thereafter, on a date not shown by the record, Stull filed a "motion for judgment as against surety" in which after recital of the judgment and affirmance, as heretofore stated, he alleged that the defendant had held possession of the property until February 11, 1945, and that since the rental was at the rate of $18 per month, he was entitled to double that amount from the date of the filing of the supersedeas bond until he obtained possession, such amount being computed to be $288. For that amount, together with the amount of the prior judgment of $162, together with interest, he asked judgment, being a total sum of $455.72, together with costs of the action. After this motion for judgment against the surety had been filed, but before it was heard by the court, Frey, the surety, paid into court $334.58 covering the amount of the judgment of $162 theretofore entered against Stull, with interest to February 11, 1945, $6.48 together with rent from June 6, 1944, to February 11, 1945, $147, and court costs of $19.10. The motion was argued and submitted on March 21, 1945, and on June 8, 1945, without notice to or knowledge of the appellants, the trial court filed a journal entry of judgment against Allen the principal, and Frey the surety, in the sum of $455.72, together with costs

and interest in the amount of $100. On June 19, 1945, Stull accepted and received from the clerk of the district court the $334.58 which had been paid into court by Frey in satisfaction of the judgment. Apparently nothing further happened in the case until September 29, 1947, when the trial court set aside the judgment of June 8, 1945, because of irregularities. The judgment of June 8, 1945, was obviously wrong, since it did not even give credit for the $334.58 accepted by Stull. On October 5, 1947, the trial court again entered judgment on the motion of March 7, 1945, for judgment as against the surety in the amount of $455.72 and costs, less the sum of $334.58, paid in by the surety more than two and a half years prior thereto.

It is clear upon this record that the judgment of the trial court must be reversed. The judgment against the principal was for $162, and no finding or determination was then made fixing double the value of the use and occupancy of the property. The supersedeas bond given upon appeal to this court provided only that the appellant would not commit or suffer to be committed any waste on the property and that if the judgment were affirmed he would pay "the value of the use and occupancy of said property from the date hereof until the delivery of possession pursuant to said judgment" together with costs. There was no provision in the supersedeas bond for payment of double the value of the use and occupation. It is well settled that the contract of a private or gratuitous surety is construed strictly in his favor and that the obligations on a bond of this nature are limited strictly to the express terms of the contract, and "cannot be extended by implication or enlarged by construction beyond the terms of the agreement entered into." (50 Am. Jur. 924, 925; *Scovill v. Scovill*, 144 Kan. 759, 761, 62 P. 2d 852, and cases there cited.) Furthermore, and of primary importance is the fact that after accepting the sum of $334.58 which the surety paid into court in satisfaction of the judgment against the principal, Stull could not thereafter by motion for judgment against the surety secure an enlargement of the judgment theretofore entered against the principal, or enforce further liability as against the surety.

The judgment is reversed.