No. 41,073

BARBARA J. RICHEY, *Appellee,* v. RAYMOND L. DARLING, *Appellant.*
(331 P. 2d 281)

Opinion filed November 8, 1958.

*Allyn M. McGinnis,* of El Dorado, argued the cause, and *Walter F. McGinnis,* of El Dorado, was with him on the briefs for the appellant.

*Keith Eales,* of Wichita, argued the cause, and *W. H. Coutts, Jr., W. H. Coutts, III,* and *Walter J. Kennedy,* all of El Dorado, and *L. M. Kagey,* of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This is an appeal from the trial court's order overruling defendant's demurrer to plaintiff's petition.

Defendant's demurrer stated in substance that the petition did not state facts sufficient to constitute a cause of action in favor of plaintiff and against the defendant and further that plaintiff consented to and participated in all acts alleged to have been perpetrated by defendant, and having so consented and participated, she cannot recover for the resulting damage.

The trial court overruled the demurrer and gave defendant twenty days to answer or otherwise plead and gave plaintiff five days thereafter to respond. The defendant filed his answer within time and plaintiff responded as ordered by the trial court. Defendant then perfected his appeal to this court. Plaintiff contends that by reason of defendant having answered, he cannot now maintain his appeal.

Without detailing the contents of the answer, it will be sufficient to say it contains nothing which is inconsistent with defendant's demurrer. This court has held that in order to constitute an abandonment of his right to appeal from an adverse ruling on a demurrer when a defendant answers his attitude in the answer must be inconsistent with that which he maintained in support of his demurrer. This rule was announced in *Scovill v. Scovill*, 144 Kan. 759, 763, 62 P. 2d 852, and several Kansas cases are therein cited pertaining to this subject.

Turning to the question as to whether the trial court erred in overruling the demurrer, it is necessary only to set out the following portion of the petition seeking damages for personal injury:

"9. Plaintiff's damages as described above are the direct and proximate consequence of defendant's gross and wanton negligent acts and omissions, as follows:

"(a) Defendant's representations to plaintiff that he was fully qualified to perform an abortion, when he well knew that he was specifically forbidden by law to perform surgery of any kind or description.

"(b) Defendant's wanton disregard of ordinary and usual techniques of sterilization and asepsis in the preparation of his instruments and plaintiff's genital organs prior to the insertion of said instruments and the penetration and incision of the tissues of plaintiff's body with said septic and infected instruments.

"(c) By the insertion of dirty and septic instruments into plaintiff's body which infected plaintiff's genital organs as described above."

The above allegations set out specific acts of negligence and were we to consider them alone we believe they sufficiently allege a cause of action upon which the damages sought could be recovered so that the trial court was correct in overruling the general demurrer. This follows the rule that where a petition sufficiently alleges a cause of action on any theory, a general demurrer thereto cannot be sustained. (*Fernco, Inc., v. Kennedy*, 181 Kan. 25, 31, 309 P. 2d 400; 4 Hatcher's Kansas Digest, rev. ed., Pleading, § 159, p. 460; 8 West's Kansas Digest, Pleading, § 204 (2), p. 42.) The trial court did not err in its order overruling defendant's demurrer.

The judgment is affirmed.

PRICE, J., dissenting: I adhere to my dissent in *Joy v. Brown*, 173 Kan. 833, 252 P. 2d 889.

The instant action is one by a woman to recover damages for personal injuries alleged to have resulted from the negligent performance of an abortion. Having consented to and participated in the illegal and unlawful act, it is my opinion that she cannot maintain an action for the consequences of such act, even though negligently performed. The demurrer to the petition should have been sustained.