No. 41,753

Leon S. Plunk, *Appellee*, v. Chicago Bridge & Iron Company, *Appellant*.

(350 P. 2d 774)

Opinion filed April 9, 1960.

*Charles L. Davis, Jr.*, and *George B. Trubow*, both of Topeka, argued the cause, and *Howard A. Jones*, and *William E. Haney*, both of Topeka, were with them on the briefs for the appellant.

*Herbert A. Marshall*, of Topeka, argued the cause, and *Robert M. Brown*, *Allen Meyers*, *Philip C. Gault*, and *Doral H. Hawks*, all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: In this case defendant appeals from an order overruling its general demurrer to the plaintiff's amended petition, hereinafter referred to as the petition.

Since the established rule of this jurisdiction is that where a general demurrer challenges the sufficiency of the entire petition to state a cause of action the trial court does not err in overruling such demurrer, if the pleading so challenged states a cause of action on any theory (*Richey v. Darling*, 183 Kan. 642, 644, 331 P. 2d 281), we turn directly to portions of the petition which, in our opinion, support and sustain the trial court's decision. They read:

"That heretofore and in the month of March, 1958, the plaintiff and the defendant entered into a contract, a true copy of which is hereto annexed and marked 'Exhibit A' for purposes of identification, and made a part of this petition, according to the terms of which the plaintiff as sub-contractor to the defendant as contractor was to sandblast and paint a 500,000 gallon water tower situated at the Capehart Housing Project near Forbes Airforce Base, Topeka, Shawnee County, Kansas, labor to be furnished by the plaintiff for the performance of said work for an agreed consideration of $5,200.00.

"That thereafter and more particularly on the 28th day of August, 1958, the plaintiff completed the performance of all work connected with the execution of his part of said contract, and the defendant through their agent, chief engineer, Lawrence Syverson duly accepted and approved the job as completed satisfactorily for the defendant and tendered to the plaintiff a 'Painting Acceptance Report' a true copy of which is hereto annexed and marked 'Exhibit B' for purposes of identification and made a part of this petition.

"Plaintiff further states that he has paid for all labor obligations incurred by himself as subcontractor connected with the painting of said water tower, and that any wages for labor owed by him to men working for him in the painting of said water tower are and have been paid by plaintiff.

"That the defendant has paid to the plaintiff for the performance of said contract the sum of $3,456.54, and that the sum of $1,743.46 is still due and owing to the plaintiff and that the defendant has failed and refused to pay said amount to plaintiff even though plaintiff has demanded payment of the same."

In connection with the foregoing allegations of the petition we note that paragraph 3 of the contract, referred to in such pleading as "Exhibit A," provides that "Subject to the above requirements the CONTRACTOR will pay the amount shown as 'TOTAL' in Paragraph 1 ( $5,200.00) upon acceptance of the work by the customer or the CONTRACTOR."; and point out that the petition specifically alleges compliance with such requirements by the subcontractor (plaintiff)

and acceptance and approval of the work by the contractor (defendant).

Under the foregoing conditions and circumstances we have little difficulty in concluding the petition stated a cause of action on the theory plaintiff had performed the work required by the terms of the contract and was therefore entitled to recover from defendant the amount theretofore agreed upon between the parties for its performance. It follows the trial court did not err in its order overruling defendant's demurrer. This we may add is true even though, as must be conceded, plaintiff saw fit to include other allegations in his petition, anticipatory of some claim and/or cause of action for indemnity defendant might set up against him notwithstanding any amount that might otherwise be due and owing to him for his actual performance of the specific work covered by the terms of the contract.

Nothing would be gained by here detailing allegations of the petition or by a discussion of arguments made by defendant relating to the merits of an alleged right and/or cause of action claimed against plaintiff by reason of an indemnity agreement. It suffices to say that in actions or proceedings by an indemnitee against an indemnitor to recover pursuant to the terms of an indemnity contract the indemnitee must plead his cause of action against the indemnitor in the same manner as in other civil actions. (See 42 C. J. S., Indemnity, § 34, pp. 621 to 625, incl.)

Therefore, as applied to the factual situation existing in this case, it was up to the defendant, if it desired to assert rights against the plaintiff under an indemnity contract, to file an answer as contemplated by our civil code (G. S. 1949, 60-710) setting forth therein any and all rights to relief it might have or claim to have against the plaintiff under and by virtue of that agreement.

We find nothing in the record presented, in the contentions advanced in the briefs or in oral argument, or in the decisions cited in support of such contentions to warrant or uphold a conclusion the trial court erred in overruling the demurrer to the petition.

The judgment is affirmed.