No. 45,394

JERRY M. HELBERG, *Appellee,* v. HOXIE UNIFIED SCHOOL DISTRICT No. 412, SHERIDAN COUNTY, KANSAS, *Appellant.*

(457 P. 2d 151)

Opinion filed July 17, 1969.

*Joseph W. Fromme,* of Hoxie, argued the cause, and *Gene A. Smerchek,* also of Hoxie, was with him on the brief for the appellant.

*Jerry M. Helberg,* of Hill City, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an action arising out of a demand by Jerry M. Helberg (plaintiff-appellee) against the School Board of Hoxie Unified School District No. 412, Sheridan County, Kansas, (defendant-appellant) for reimbursement of transportation costs incurred by Mr. Helberg in transporting his kindergarten aged child out of the Hoxie School District into the Hill City Unified School District No. 281, located in Hill City, Kansas, where Mr. Helberg is employed.

The only question presented is whether the Hoxie School District is required to furnish transportation for the plaintiff's child to and from the Hill City School District.

The facts have been stipulated.

Mr. Helberg resides on the west edge of the northeast quarter of section 19, township 8, range 25 in Graham County, Kansas, which residence is in the Hoxie Unified School District No. 412. The authorities of the Hoxie School District were not informed of the fact that a kindergarten aged child, Tanya Sue Helberg,

resided in the above residence until September 13, 1966, when Mr. Helberg sent them a letter claiming reimbursement for transportation costs for transporting his daughter to the Hill City School District at Hill City. At no time did Mr. Helberg seek to enroll his child with the Hoxie School District.

On or about the 20th day of September, 1966, the Hoxie School District offered and continues to offer to furnish transportation for Mr. Helberg's child to attend the Hoxie School District as provided by K. S. A. 1965 Supp. 72-67,116 and K. S. A. 72-617. The Hoxie School District has a bus route in that area.

Tanya Sue Helberg is attending the Hill City Unified School District No. 281 at Hill City, Kansas, and Mr. Helberg or his agent transports her daily, making two round trips, at such times as school is in session.

No agreement has been made or entered into between the Hoxie School District and the Hill City School District as contemplated by K. S. A. 72-6757 or as contemplated by any other pertinent statute.

The Hoxie School District does not have a bus route established to the Helbergs' home, the closest route being from Studley, Kansas, a distance of approximately three miles from the Helbergs' home by the most direct route.

Mr. Helberg has not applied for or sought such an agreement as contemplated by K. S. A. 72-6757 or as contemplated by any other pertinent statute.

In the stipulation filed with the trial court Mr. Helberg admitted he was relying upon K. S. A. 72-617, 72-702 and 72-704, and related cases. The Hoxie School District admitted that it was relying upon K. S. A. 72-6757, K. S. A. 1965 Supp. 72-67,116 and K. S. A. 72-617, and related cases.

The trial court in its memorandum opinion highly summarized the facts which showed that a kindergarten aged child, who was a resident of Graham County and of the Hoxie Unified School District No. 412, located principally in Sheridan County, attended school at Hill City in Graham County; that the Hoxie School District maintained a kindergarten only at Hoxie, Kansas, and that the father of the child was employed by Graham County at Hill City, Kansas. The only two schools available to a child of kindergarten age residing near Studley would be the kindergarten maintained by the Hoxie School District at Hoxie in Sheridan County, and the

kindergarten maintained by the Hill City School District located at Hill City in Graham County. Both the schools were located approximately seventeen miles from the Helbergs' residence.

The trial court in its memorandum opinion held:

". . . In this case the only statute controlling is K. S. A. 72-621, which provides that the school district *shall* either furnish transportation or pay as provided in that statute not less than 5 cents per mile for two trips per day.

"The Court in addition to the facts that are stipulated finds that while the Board is given discretionary powers in providing transportation for high school and grade school students, it does not have discretionary power so far as kindergarten children are concerned. This Court takes judicial knowledge of the fact that transportation of a five-year old child in Western Kansas to within five miles of the child's home is worse than no transportation at all. The weather situations, that are certainly matters of which the Court can take judicial notice, are such that the Legislature in its wisdom was wise in the enactment of such a statute as K. S. A. 72-621, wherein a Board is required to furnish transportation. The offer of the defendant to furnish transportation as set out in this case amounted to a refusal to comply with K. S. A. 72-621."

The trial court thereupon entered judgment for the plaintiff for the amount in controversy, which the parties had stipulated, and appeal has been duly perfected by the Hoxie School District.

By a process of elimination it is apparent the only statute controlling the disposition of this case is K. S. A. 72-621.

Both K. S. A. 72-702 and 72-6757, which deal with the transportation of students attending a school outside their district, provide that the district may make an agreement to accommodate students who reside at inconvenient or unreasonable distances from the school maintained by such district with another district for the attendance of such students, and only after this has been done shall the child be admitted under the agreement. Both statutes provide that the sending district shall provide transportation only after the agreement has been made and the transportation shall then be as provided by law. It was stipulated that no agreement had been entered into between the Hoxie and the Hill City School Districts. Therefore, these statutes are not applicable, the conditions precedent not having been fulfilled.

K. S. A. 72-704, upon which the appellee relies, gives a Graham County resident *the right to attend* a school in the county *of his residence.* It provides in part:

"An elementary school pupil residing in Kansas may attend any elementary school in the county of his residence. . . ."

It is unnecessary to determine whether a child eligible to attend kindergarten is an elementary school pupil. Assuming that such child is an elementary school pupil, this statute does not purport to deal with the transportation of a child to or from school, nor does it purport to deal with payment or the costs of such transportation.

The only statute to which we have been cited which is left for consideration by the court is K. S. A. 72-621. It provides in pertinent part:

"That if the district board of any school district shall not provide or furnish transportation for all or any of the elementary or kindergarten pupils *who reside in such district* at least two and one-half miles, by the usually traveled road, *from the public school which they attend in such district,* then the governing body of such school district *shall pay to the person transporting any such pupil not provided or furnished transportation,* mileage at the rate of five cents per mile for each mile actually traveled by the usually traveled road in transporting such pupil to and from the public school attended: *Provided,* That mileage shall be paid for two round trips per day if two round trips are actually made in conveying such pupil to school once and returning him home once: . . ." (Emphasis added.)

This statute has been held by the court to be mandatory and not discretionary. It compels the school district to pay the persons transporting the pupil or pupils if the school district does not itself provide or furnish transportation. (*Kimminau v. Common School District,* 170 Kan. 124, 223 P. 2d 689.)

It is to be noted, however, 72-621, *supra,* does not fit the appellee's situation.

The words "in such district," heretofore emphasized, require that the pupil residing in the district which does not provide or furnish transportation *shall also attend the public school in such district.* As applied to the facts in this case, the kindergarten student of the appellee, who resides in the Hoxie School District more than two and one-half miles from the school maintained by the Hoxie School District at Hoxie, must attend the public school in the Hoxie School District before the governing body of such school district is required to pay the person transporting such student. Here the appellee's daughter attends school in another district, the Hill City School District, for which transportation charges are sought against the Hoxie School district.

The appellee relies upon familiar rules of statutory construction, citing cases, and considering all of the statutes upon which he relies concludes by arguing:

"The statutes seem clear that the Legislature intended to educate the State's children, that allowance for their transportation be made, and that in certain cases, as here, that if the school did not furnish such transportation then they would be required to reimburse the parent for such transportation."

The authority of a school district to transport pupils beyond the district has heretofore been considered in *Carothers v. Board of Education,* 153 Kan. 126, 109 P. 2d 63. The court there held, in effect, that transportation statutes are to be strictly construed and cannot be interpreted to give implied authority as the court below has done in the instant case. There the court held that statutory power of the district board of the school district to transport students living in its district to cities and towns outside the district cannot be implied from a statute which provides only for transportation of pupils to schools within their own district.

We hold 72-621, *supra,* does not authorize the Hoxie School District to pay transportation charges for the appellee's daughter to attend kindergarten in the Hill City School District, which is outside the Hoxie School District, and authority to do so cannot be implied from the statute.

All of the statutes except K. S. A. 72-6757 considered in this opinion and applicable to the school year 1966-1967 have been repealed (K. S. A. 72-617; 72-621; 72-702; 72-704; K. S. A. 1965 Supp. 72-67,116).

The judgment of the lower court is reversed.

FROMME, J., not participating.